Jeff BIXLER, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee,

and

Floyd BEAN, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

May 16, 1986.

Discretionary Review Denied and Opinion
Ordered Published by Supreme Court
July 28, 1986.

Rodney McDaniel, Asst. Public Advocate, Frankfort, for appellants.

David L. Armstrong, Atty. Gen., David Martin, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWARD and LESTER, JJ.

COOPER, Judge.

This is a consolidated appeal from judgments convicting the appellant of first-degree rape and sentencing them to ten years' imprisonment. On appeal, the single issue is whether the trial court erred, as a matter of law, in excluding evidence of prior sexual conduct between the appellant, Jeff Bixler, and the prosecuting witness. KRS 510.145(3). Reviewing the record below, we reverse and remand.

The relevant facts herein are as follows: In March of 1984, the appellants, Jeff Bixler and Floyd Bean, (hereinafter Bixler and Bean) were indicted on charges of first-degree rape. Specifically, the indictments charged them with "engaging in sexual intercourse with Penny Laumus (sic) through the use of forcable (sic) compulsion." The alleged rape occurred on the evening of January 25, 1984, while Bixler, Bean, the victim, and Lisa Benedict were drinking and listening to music in a trailer on the outskirts of Harrodsburg. The victim testified that Bixler and Bean forcibly took her to a bedroom in the trailer, removed the bottom portion of her clothing, and repeatedly engaged in sexual intercourse with her. Conversely, they testified that the victim was the aggressor and voluntarily engaged in sexual intercourse with them. Although the victim testified that she was repeatedly raped by Bixler and Bean, she nevertheless testified that it was not until some two weeks after the evening of January 25 that she reported the rape to the police.

At the close of the Commonwealth's case in chief, Bixler and Bean moved for a directed verdict of acquittal. The trial court overruled this motion. Additionally, it ruled that Bixler could neither testify as to his prior sexual relationship with the victim, nor could Bean testify that Bixler had informed him he had a prior sexual relationship with the victim. This ruling was a restatement of an earlier ruling, issued prior to the trial, in which the trial court sustained the Commonwealth's motion in limine, that neither Bixler nor Bean could testify or introduce any evidence of Bixler's prior sexual relationship with the victim. KRS 510.145(3). The jury subsequently found both appellants guilty of first-degree rape and sentenced each to ten years' imprisonment. It is from such judgments that they now appeal.

On appeal, the single issue is whether the trial court erred, as a matter of law, in ruling that any evidence of a prior sexual relationship between Bixler and the victim was inadmissible. KRS 510.145(3). Such issue relates not only to the question of consent on the part of the victim, but to the whole question of her credibility as a witness, as well as that of the appellants.

Section (3) of KRS 510.145 states as follows:

(3) Notwithstanding the prohibition contained in subsection (2) of this section, evidence of the complaining witness' prior sexual conduct or habits with the defendant or evidence directly pertaining to the act on which the prosecution is based, may be admitted at the trial if the relevancy of such evidence is determined in the following manner:

(a) A written motion shall be filed by the defendant with the court no later than two (2) days prior to the day of trial, or at such later time as the court may for good cause permit, stating that the defendant has an offer of relevant evidence

of prior sexual conduct or habits of the complaining witness.

(b) A hearing on the motion shall be held in the judge's chambers. If, following the hearing, the court determines that the offered proof is relevant and that it is material to a fact in issue, and that its probative value outweighs its inflammatory or prejudicial nature, the court shall admit the offered proof, in whole or in part, in accordance with the applicable rules of evidence.

Although the appellee argues that the appellants did not comply with subsection (a) of section (3) of the statute—which requires a written motion to be filed no later than two days prior to the day of trial—the trial court elected to rule on the admissibility of such evidence prior to the trial. Not only did it hold a hearing on the issue, but it sustained the appellee's motion that the appellants be prohibited from inquiring into any past sexual activity of the victim. Consequently, we reject the appellee's argument that the appellants failed to comply with subsection (a) of the statute. Clearly, the merits of the issue were presented and ruled on by the trial court.

In ruling that the appellants could not introduce any evidence of prior sexual activity between Bixler and the victim, the trial court ruled, in part, as follows:

THE COURT: Well, I think that under that statute it says that the acts have got to be in some way related to the act that the charge is stemmed from and I can't see how sexual intercourse 18 months before this incident can be contemporaneous with or under that statute be appropriate for evidence of this action, so I'm going to grant the Commonwealth's motion to preclude any testimony concerning previous sexual contact between Mr. Bixler or Mr. Bean and the complaining witness, Miss Laumus, because the acts are not contemporaneous as far as Mr. Bixler is concerned, not contemporaneous with this action or with this act that he is charged with and with Mr. Bean because he has no knowledge of his own, that is by hearsay that he has knowledge and also the same acts that he has knowledge

of are not contemporaneous with the act subject to this charge. Okay. Now, so there will be no testimony concerning any previous contact, sexual contact between the defendants and the complaining witness, Miss Laumus, except for that contact that occurred on the evening of January the 25th. Okay. On January 24th, 1984.

Although the trial court apparently based its ruling on the belief that the statute precluded the introduction of any evidence of prior sexual conduct between a victim and a defendant unless it was somehow related to or contemporaneous with the crime, the statute reads differently. Specifically, it states that:

... evidence of the complaining witness' prior sexual conduct conduct or habits with the defendant *or* evidence directly pertaining to the act on which the prosecution is based, may be admitted at the trial if the relevancy of such evidence is determined in the following manner ...

Clearly, the evidence sought to be introduced by the appellants—that Bixler had had a previous sexual relationship with the victim during the summer of 1982—was not evidence directly pertaining to the crimes charged in the indictment. Rather, it was evidence relating to the victim's prior sexual conduct or habits with Bixler. Evidence of such prior sexual habits or conduct between the victim and Bixler was crucial given the absence of any physical evidence and the damaging testimony of the victim. The victim put her credibility into issue when she affirmed that she had never had a prior sexual relationship with Bixler.

Conversely, Bixler's defense, one of consent, hinged on whether he would be able to introduce evidence that he previously had a sexual relationship with the victim and that on the night in question, the acts involved were consensual. Similarly, Bean's defense hinged, in part, on the fact that he knew the victim had had a prior sexual relationship with Bixler and, there-

fore, he expected to have a similar relationship with her.

In *Adams v. Commonwealth,* 219 Ky. 711, 294 S.W. 151 (1927), the Court acknowledged the relevancy of evidence establishing a prior sexual relationship between a defendant and a victim where the defendant's defense was one of consent. *See also Brown v. State,* 264 Ark. 944, 581 S.W.2d 549 (1979). KRS 510.145, designated as the Rape Shield Law, was designed to exclude any evidence of a prior sexual relationship between a victim and a third party in a rape prosecution. In *Smith v. Commonwealth,* Ky.App., 566 S.W.2d 181 (1978), the Court stated that it was enacted to exclude evidence of the victim's prior sexual relationship with persons other than the defendant.

The situation *sub judice* is decidedly different, as the evidence excluded by the trial court involved prior sexual conduct between the victim and Bixler. Under the clear language of the statute, it is evident to this Court that such evidence should be admissible if its probative value outweighs its inflammatory or prejudicial nature, and if it is material to an issue of fact. Clearly, the testimony was material and relevant to the question of consent. And, this Court finds that its probative value outweighed any resulting prejudice. Therefore, the judgments of the trial court must be reversed with directions that it enter new trials for the appellants.

The judgments of the trial court are reversed with directions that it vacate such judgments and enter a new trial for both appellants.

All concur.