**John Edgar RENEER, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee (Three Cases).**

**Nos. 88–SC–164–MR, 88–SC–733–MR,
89–SC–384–TG and 89–SC–385–TG.**

Supreme Court of Kentucky.

Feb. 8, 1990.

Mark A. Posnansky, Appellate Public Advocate, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Gerald Henry, Asst. Atty. Gen., John S. Gillig, Div. Director, Crim. Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

These appeals were consolidated for oral argument and disposition.

The first appeal is from a judgment based on a jury verdict which convicted Reneer of sodomy in the first degree and as a persistent felony offender in the first degree. He was sentenced to life in prison. He also appeals his conviction of possession of morphine, possession of marijuana and

as a persistent felony offender in the first degree which resulted in a sentence of twenty years. He also filed motions for a new trial from both convictions and now appeals the order overruling those motions.

In September 1987, the alleged sodomy occurred and in October 1987, the drug situation arose.

## I

In regard to the sodomy conviction, the following questions are presented: whether the trial judge committed reversible error by prohibiting the introduction of evidence of Reneer's supposed sexual activities with the victim and from cross-examining the victim about such activities; whether it was reversible error to permit the introduction of a pillbox seized at Reneer's home; and, whether the defendant was unduly restricted in his right to represent himself at trial.

Reneer argues that the trial judge committed reversible error by refusing proffered evidence about prior sexual activities between Reneer and the victim. He contends that the sodomy was voluntary and with consent. A showing of consent by the victim was not reasonably possible, and prohibiting the proffered evidence was not reversible error on the part of the trial judge.

Prior to trial, Reneer moved for a hearing to determine the admissibility of evidence pursuant to K.R.S. 510.145 of prior sexual conduct of the complaining witness with the defendant. At the hearing the victim testified that she never had any type of sexual activity with the defendant prior to the morning of September 5, 1987. Reneer said that he had known the victim from early August of 1987 and they had sex on two occasions and that she had initiated both encounters. The trial judge deferred ruling on the motion at the time of the hearing but later when Reneer sought to cross-examine the victim about prior sexual acts, did refuse such questions.

K.R.S. 510.145(3) establishes a three-part test for determining the admissibility of this kind of evidence.

Evidence of the complaining witness' prior sexual conduct or habits with the defendant ... may be admitted at trial if ... (b) ... the court determines that the offered proof is 1) relevant and that it is 2) material to a fact in issue, and that 3) its probative value outweighs its inflammatory or prejudicial nature.

*Bixler v. Commonwealth,* Ky.App. 712 S.W.2d 366 (1986) held that the issue of admissibility of the evidence relates both to the question of consent by the victim, and to the question of the credibility of the victim and defendant as witnesses. *Bixler, supra,* also noted that the question of prior sexual conduct between the victim and her attackers was "crucial given the absence of any physical evidence and the damaging testimony of the victim." *Bixler* at 368. In *Bixler,* there were no other direct witnesses, no physical evidence and the damaging evidence of the victim stood alone. The key elements of *Bixler* and K.R.S. 510.145 are not present in this case.

■ In contrast to the facts of *Bixler,* in this case, there were two other witnesses who testified that the victim did not consent. The evidence proffered by Reneer was neither material nor relevant to consent. A detailed examination of the facts in question supports the decision of the trial judge that the probative value did not outweigh its possible inflammatory or prejudicial nature.

■ Reneer maintains the pillbox should have been suppressed because it was the product of an improper search. He contends that the search warrant and affidavit in support failed to describe the items to be seized, that the issuing official did not exhibit the neutrality and detachment required by law and that the supporting affidavit contained a material misstatement of fact.

The pillbox was properly seized and introduced at trial because it was the result of a search incident to a lawful arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

The testimony indicates that the police went to Reneer's apartment pursuant to a

warrant of arrest for sodomy and placed him under arrest for that crime. The police knew of his previous criminal record which included murder and armed robbery. He was arrested in his small bedroom and a .38 caliber handgun was found at the head of his bed. He was taken from the bedroom to the living room. Reneer testified that while in the living room and handcuffed, he asked to go to the bathroom in order to urinate. His hands were handcuffed behind him and police released his hands long enough for him to use the bathroom. It was reasonable for the police to secure the area before taking the handcuffs off. While in the bathroom they found the pillbox containing morphine above the commode.

The defects in the search warrant were of no consequence. Here the search was contemporaneous to a valid arrest. *Chimel, supra.*

■ Reneer was not unduly restricted in his right to represent himself at trial. The trial judge did not abuse his discretion in refusing to allow consultation with his attorney and properly limited recall. The only time Reneer was not able to consult with his attorney came after he discharged counsel and before he rehired him. The trial judge did not abuse his discretion in taking measures to prevent disruption during trial. The trial judge was patient in giving sufficient latitude to Reneer to act for himself and to ask whatever had not already been covered by his counsel's questioning. Reneer personally asked no questions. *Cf. Wake v. Barker,* Ky., 514 S.W.2d 692 (1974).

The judgment of conviction of sodomy is affirmed.

## II

The next appeal is from a judgment based on a jury verdict which convicted Reneer of possession of morphine, possession of marijuana, and as a persistent felony offender in the first degree. He was sentenced to twenty years in prison.

The issues are whether the trial judge committed reversible error by refusing to permit exculpatory evidence; whether the introduction of the pillbox and the morphine it contained should have been excluded from evidence; whether the chain of custody of the evidence was sufficiently established and whether penalty enhancement was correct.

On October 8, 1987 the Owensboro police and Kentucky State police pursuant to a search warrant for morphine and an arrest warrant for a sodomy complaint searched Reneer's residence and confiscated a pillbox containing traces of morphine and a bag of marijuana. The search warrant was obtained after police took a statement from a witness who said she purchased morphine from Reneer.

■ The trial judge did not commit reversible error by refusing certain evidence of allegedly contradictory pretrial statements made by a witness to police. Reneer complains that a witness told police both that she bought morphine from him and that she did not buy morphine and that he learned of this to his surprise during the trial. At trial the witness adhered to her story that Reneer had sold her morphine but admitted that she had lied to police on other occasions because she was high on morphine and afraid that the police would not believe her. At a suppression hearing in April 1988, Reneer told the judge that a witness in a prior statement related she had not bought morphine from him on the day in question. Reneer's claim that the state withheld exculpatory evidence and that he was unfairly surprised at trial in September 1988, cannot be sustained. Reneer was well aware of the witness's inconsistencies and admitted lies seven months before the actual trial.

The introduction of the pillbox and the morphine it contained was not reversible error because it was the product of a lawful search of his residence incident to an arrest. Testimony shows that the police were in Reneer's apartment pursuant to a warrant of arrest for sodomy and had placed him under arrest for that offense when they discovered the drugs in the bathroom. The search was valid because it was contemporaneous to an arrest by war-

rant and it was confined to the defendant's person and the area from within which the defendant might have obtained a weapon or destroyed evidence. *Chimel.*

■ The chain of custody of the pillbox and morphine was sufficiently established to allow their introduction in evidence. Initially we must observe that the issue was not properly preserved for appellate review because defense counsel failed to renew an earlier motion to suppress the evidence on chain of custody grounds. Prior to trial, defense counsel objected to the introduction of the items in question on the grounds that the police officer who had inventoried the items in the police property room was deceased at the time of trial.

In addition, Reneer assigned as error the use of evidence of marijuana only and not evidence about morphine. The question of morphine is not properly before this court for appellate review because the grounds for the objection were marijuana. *Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219 (1976). The evidence as to morphine was admitted by stipulation.

■ Here the pillbox and the morphine exhibit were in secure police custody and in the same condition, except for the necessary consumption of part of the morphine in laboratory testing. The evidence was checked into the collection unit by the deceased officer and taken from the unit the following month by his successor for analysis and returned to the unit. The integrity of the evidence was not compromised. *Pendland v. Commonwealth*, Ky. 463 S.W.2d 130 (1971). There was no showing that anyone could have a reason or opportunity to tamper with the evidence. The proof was reasonable under the circumstances.

■ The penalty enhancement did not constitute reversible error. Reneer argues that an armed robbery conviction and a murder conviction were improperly used to enhance his punishment. He maintains that the record in neither prior conviction shows the presence of counsel at sentencing and the record in the armed robbery does not show that his guilty plea was voluntarily and intelligently entered.

Reneer's attorney for the murder conviction testified that he was with Reneer at sentencing and that he had argued at some length for a new trial. Reneer's attorney for the armed robbery conviction testified that the defendant was very intelligent and knew exactly what he was doing and that he was well informed and acted voluntarily. The attorney also testified that he successfully argued for a new trial and the result was that Reneer was allowed to plead guilty to a penalty of ten years and not life as originally recommended by the jury. Reneer's own testimony indicates he was satisfied with his representation in the plea bargain and obviously wanted such a plea. The record indicates that Reneer was well represented in both his prior convictions for murder and armed robbery.

This record also leaves no doubt that the armed robbery guilty plea was intelligently and voluntarily made. The totality of the circumstances determines the validity of a guilty plea, and the record here indicates that Reneer was properly represented. *Kotas v. Commonwealth*, Ky., 565 S.W.2d 445 (1978).

The judgment of conviction is affirmed.

### III

Reneer also seeks appellate review of orders overruling motions for a new trial in both the sodomy and possession convictions.

Reneer claims that the trial judge committed reversible error by failing to permit exculpatory evidence in the sodomy case and that the trial judge should have granted a new trial in the morphine case because exculpatory evidence was not revealed to the defense prior to trial. Both of these questions have been discussed in other parts of this opinion and we find the decision of the trial judge overruling both motions for new trial to be correct.

The judgment of conviction for sodomy and as a persistent felony offender and the judgment of conviction for possession of morphine, possession of marijuana and as a

persistent felony offender are both affirmed.

STEPHENS, C.J., and COMBS and LAMBERT, JJ., concur.

GANT, J., not sitting.

VANCE, J., concurs in result only.

LEIBSON, J., concurs by separate opinion.

LEIBSON, Justice, concurring.

I concur as to conviction of the drug offenses.

As to the sodomy conviction, I concur in results only.

The Rape Shield Act was improperly applied. The Rape Shield law is only a procedural device. It does not permit the trial judge to bar relevant evidence simply because he thinks it not credible. The trial court had no discretion to refuse to permit the defendant to introduce relevant evidence of recent (within the last two/three weeks) sexual activity between the accused and the victim, to which the accused would testify, regardless of whether the victim would deny it or the trial judge questions the credibility of such evidence.

The trial court's decision was error. But there was no reasonable possibility that the verdict would have been different.