**COMMONWEALTH of Kentucky, Appellant,**

v.

**Donnie DUNN, Appellee.**

No. 94–SC–561–DG.

Supreme Court of Kentucky.

June 8, 1995.

Chris Gorman, Atty. Gen., Karen Quinn, David A. Smith, Asst. Attys. Gen., Frankfort, for appellant.

Kimberly A. Brooks, Asst. Public Advocate, Covington, for appellee.

## OPINION OF THE COURT

We granted the Commonwealth's motion for discretionary review to consider this application of the "rape shield" provisions of KRE 412. After an April 1993 pretrial hearing held pursuant to KRE 412(c)(2), Montgomery Circuit Judge Mains determined that defendant/respondent Donnie Dunn's proffered evidence that he twice had sexual intercourse with the prosecuting witness approximately seven years earlier failed to satisfy the KRE 412(c)(3) standard for admissibility at trial. On Dunn's appeal from the judgment on the jury verdict finding him guilty of first-degree rape, a divided panel of the Court of Appeals reversed and remanded for retrial in reliance upon the pre-KRE decision of that court in *Bixler v. Commonwealth*, Ky.App., 712 S.W.2d 366 (1986). Because we have concluded upon careful examination of the record that the circuit court's pretrial ruling did not constitute an abuse of discretion, we reverse the Court of Appeals and reinstate the conviction.

Effective July 1, 1992, the Kentucky Rules of Evidence were adopted to replace previous provisions including the "rape shield" statute, KRS 510.145. In pertinent part, KRE 412 provides as follows:

(b) *Particular Acts and Other Evidence.* Notwithstanding any other provision of law, in a criminal prosecution under KRS Chapter 510 ... evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence is admitted in accordance with subdivision (c) and is:

\* \* \* \* \* \*

(2) Evidence of past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which an offense is alleged.

\* \* \* \* \* \*

(c)(1) *Motion to Offer Evidence.* If the person accused of committing an offense described above intends to offer under subdivision (b) evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer such evidence not later than fifteen (15) days before the date on which the trial in which such evidence is to be offered is scheduled to begin....

(2) *Hearing on Motion.* The motion described in the preceding paragraph shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subdivision (b), the court shall order a hearing in chambers to determine if such evidence is admissible. At such hearing, the parties may call witnesses, including the alleged victim, and offer relevant evidence....

(3) *Findings and Order.* If the court determines on the basis of the hearing described in the preceding paragraph that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined.

Turning to the facts regarding the early morning hours of September 13, 1992, Dunn at that time paid an unexpected visit to the Mt. Sterling apartment in which the prosecuting witness resided with her husband and

their infant daughter. Dunn had walked to the apartment with a woman he had met at a bar and for whom the prosecuting witness had been babysitting. During his visit at the apartment lasting an hour or two, at which time her husband was at work, Dunn and his long-term acquaintance twice had sexual intercourse, which he testified was consensual and she testified was compelled with physical force by the 210-pound Dunn plus his threats upon her life and that of her child.

In response to Dunn's pretrial motion to introduce evidence of his alleged previous sexual relationship with the prosecuting witness upon the issue of her alleged consent, Judge Mains held a KRE 412(c)(2) hearing on April 9, 1993. At that brief proceeding, transcribed in 11 pages of double-spaced type, the prosecutor initially stated that the prosecuting witness denied a previous sexual relationship with Dunn. The defense then called two witnesses, Dunn and his mother. During his 3½ pages of testimony, Dunn related that he had known the prosecuting witness for 12–13 years, had dated her for three or four years ending about five years ago (before she started dating the man she married) and had engaged in sexual intercourse with her twice about seven years earlier when he was 17 or 18. Dunn's mother testified that, during the three or four-year relationship, "I didn't see nothing, you know. I know they were always in the bedroom and stuff like that, and mom was always hollering about it."

By order entered on April 14, 1993, Judge Mains entered written findings pursuant to KRE 412(c)(3). The court therein reasoned in part that, "even if the defendant's testimony is true, the relationship and contact between the parties is so remote that it is not relevant to the issues in the present case. Further, the Court determines that the prejudicial nature of this testimony would far outweigh its probative value." Accordingly, Dunn's pretrial motion was denied.

Trial proceeded as scheduled on April 20, 1993. Despite the pretrial ruling, Dunn testified at trial not only that he had known the prosecuting witness for about 13 years (indeed, her testimony acknowledged such a longstanding friendship) but also that for several years they had "dated—we done everything—we did things in bed." No time reference was provided to the jury regarding the dating relationship. The jury found Dunn guilty of first-degree rape, for which he received the minimum sentence of ten years.

Citing *Bixler*, the majority of the appellate panel reasoned that "there is an absence of other physical evidence and the testimony of the victim is particularly damaging." In addition to the Commonwealth's emphasis upon both Dunn's trial testimony despite the pretrial ruling as well as the medical proof of four or five "linear marks" on the left inner thigh of the prosecuting witness "very close up to the pubic region," however, we note that only 18 months passed between the previous sexual relationship and the alleged rape in *Bixler*. Further, this Court distinguished *Bixler* in underscoring the trial court's evidentiary determination in the pre-KRE case of *Reneer v. Commonwealth*, Ky., 784 S.W.2d 182 (1990). More fundamentally, KRE 412(c)(3) still clearly vests a circuit court with the discretion to refuse to permit remote evidence of alleged past sexual relationship between the accused and the alleged victim. As Dean Robert Lawson has observed in § 2.30 of *The Kentucky Evidence Law Handbook* (3d ed. 1993), the KRE 412 balancing test contains "an obvious tilt toward exclusion over admission." Given all the circumstances, including the passage of about seven years since the alleged sexual relationship when Dunn and the prosecuting witness were single and allegedly dating, the circuit court clearly was well within his discretion in the KRE 412(c)(3) ruling.

The Court of Appeals decision is reversed and the judgment of conviction reinstated.

All concur.