R. D. McAfee, Clifford F. Duncan, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., William Bryan Martin, Asst. Atty. Gen., Frankfort, for appellee.

**Raymond Lawson DAVIS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

DAVIS, Commissioner.

Raymond Lawson Davis was found guilty of dwelling-house breaking and sentenced to imprisonment for two years, pursuant to the jury's verdict. KRS 433.180.

Although several assignments of error are presented, it is not necessary to recite or discuss all of them, since the judgment must be reversed for prejudicial error in compelling the appellant to defend seven felony charges in one trial, in the particular circumstances to be related.

On January 24, 1968, the grand jury returned an indictment against appellant, lev-

eling charges of seven felonies against him. Taking the indictment "by the numbers," according to its seven counts, appellant was charged with: (1) breaking and entering the dwelling of James Yates with intent to detain a female, on or about November 13, 1967; (2) on or about November 14, 1967, again breaking and entering Yates' dwelling with intent to detain a female; (3) breaking and entering the dwelling house of Mary Stiff on November 21, 1967, with intent to steal (upon which count appellant was convicted); (4) detaining a female, Brenda Yates, on or about November 13, 1967; (5) the same offense mentioned in count (4), alleged to have occurred November 14, 1967; (6) rape of Barbara Cornett, a female over twelve years of age, on or about the 2nd day of November 1967; and (7) robbing Priscilla Warren of her purse containing money, etc., on or about November 5, 1967, by use of force and violence.

Appellant made timely motion that the Commonwealth be required to elect which of the charges it would prosecute first and for a separation of the various counts for trial. This motion was accompanied by a motion for a bill of particulars.

So far as appears of record, no written order was entered disposing of the motion to separate, but on March 26, 1968, the court ordered that a bill of particulars be furnished. RCr 6.22. On May 31, 1968, the Commonwealth's attorney filed what he later characterized as a "cursory" bill of particulars, and accurately so, as appears when the bill is considered; it recited in relevant part:

"The Commonwealth's Attorney at this time is unable to state or estimate ·the exact time of day that each or any of the offenses occurred, which are the subject of the indictment.

"The Commonwealth's Attorney at this time is unable to state or estimate the exact place, street, alley, house or build-ing that each or any of the offenses oc-curred which are the subject of the in-dictment."

The appellant's legal problems became somewhat more entangled when he was indicted on May 22, 1968, for the capital offense of rape (KRS 435.090), allegedly committed on May 16 or 17, 1968, while he was at liberty on bail on the other charges. For a while, at least, it appears that the latter charge was ordered consolidated for trial with the first seven, but on July 17, 1968, as the trial of the seven-count indictment began, the subsequent rape charge was reassigned for separate trial.[1]

As late as June 12, 1968, the appellant excepted to the bill of particulars "as sham and vague and an avoidance of the duty of the Commonwealth Attorney's office." A renewed motion for severance was apparently never ruled on in writing, although appellant's counsel asserted in a pretrial motion that the trial judge (not the same judge who presided at the trial) had orally directed the entry of an order of severance. In like manner, the record is silent as to any action of the court respecting the "exceptions" to the bill of particulars.

When the case, involving seven counts of felony, came on for trial on July 17, 1968, appellant's chief counsel (Honorable Marion Vance) was not in court. Honorable R. D. McAfee sought a continuance, assuring the court of his unfamiliarity with the charges and that his employment had never encompassed trial responsibility. Mr. McAfee offered to present an affidavit, but the court informed him that the case could not be postponed.

A jury was selected; the Commonwealth was permitted to amend a count of the indictment by changing the alleged date of the offense from December 9, 1967, to November 5, 1967. Mr. McAfee pointed out to the court that he had never talked with the accused and stated: "I'd like at least five minutes to talk to him." The court

---

1. See opinion in Davis v. Commonwealth, Ky., 463 S.W.2d 133, this day rendered.

declared a recess of fifteen minutes; the reporter's note reflects that the recess was for twenty-five minutes.

The Commonwealth's motion to "nolle pros"[2] count (5) of the indictment was sustained just prior to the Commonwealth's opening statement to the jury. During the voir-dire examination of prospective jurors, reference was had to count (5).

After presenting evidence pertaining, to the remaining six counts in the indictment, the Commonwealth dismissed the prosecution based on counts (1) and (2). Upon submission of the remaining four counts to the jury, a verdict was returned acquitting appellant on all but count (3). That count charged appellant with breaking and entering the dwelling house of Mary Stiff, with intent to steal. The jury fixed the minimum punishment permitted under the statute. KRS 433.180.

As mentioned, the appellant assigns several bases of reversal, including failure to dismiss for the Commonwealth's failure to file a meaningful bill of particulars; failure to grant a continuance due to absence of chief counsel at the opening of the trial (Mr. Vance appeared and participated in the trial on the second day); failure to require a severance; and refusal to allow countervailing evidence pertaining to counts (1) and (2) after dismissal of those counts.

Although RCr 6.18 permits joinder of offenses in one indictment, it requires that the offenses be "of the same or similar character," or "based on the same acts or transactions connected together or constituting parts of a common scheme or plan." A related principle is recognized in RCr 9.-12, which authorizes trial together of two or more indictments in certain circumstances.

RCr 9.16 directs the trial court to order separate trials of counts in an indictment "[I]f it appears that a defendant or the Commonwealth is or will be prejudiced by a joinder of offenses * * * for trial * * *." The rule requires that the relief it affords must be sought before the jury is sworn.

In the proceeding on appeal a motion for severance was timely made. The denial of the relief was prejudicially erroneous. Assuming that the seven offenses were properly joined in one indictment within the framework of RCr 6.18 (a question which the court does not resolve), it seems clear that the appellant-defendant was entitled to at least some severance as provided in RCr 9.16.

Granting of severance, vel-non, is a matter within the sound judicial discretion of the trial court. Polsgrove v. Commonwealth, Ky., 439 S.W.2d 776, 779. As stated in Hardin v. Commonwealth, Ky., 437 S.W.2d 931, at page 933:

> "If it appears that a defendant or the Commonwealth will be prejudiced by a joinder of offenses or defendants for trial, RCr 9.16 requires the trial court to grant separate trials or provide whatever other relief justice necessitates."

The appellant professed his innocence as to all of the charges. He seasonably sought a bill of particulars only to be furnished a "cursory" one in purported obedience to the court's order requiring that the bill be supplied. There was a sharp issue of identity respecting all of the charges. When it is recalled that the appellant was forced to trial over the proclaimed unpreparedness of his counsel, completely frustrated in his effort to obtain a meaningful bill of particulars, and faced with the monumental task of defending against seven felony charges, it appears obvious that his rights were substantially prejudiced.

The present ruling does not collide with the holding in Brown v. Commonwealth, Ky., 458 S.W.2d 444. In Brown, a judgment of conviction was affirmed in face of the defendant's complaints of misjoinder of

2. There is no provision in the Criminal Rules for "nolle pros." However, the Commonwealth could dismiss with leave of court before submission. RCr 9.64.

offenses in the indictment and alleged improper denial of severance. It was noted in Brown that the trial judge made a finding at the trial's outset that the offenses either were of the same or similar character, or were based on transactions connected together. In the present case there was no such finding, and none could have been made in the exercise of a sound discretion. It appears that this appellant was truly "embarrassed or confounded" in his effort to defend against the multitude of charges against him, whereas the same thing could not be said as to the circumstances in Brown.

Neither is it an answer to suggest the absence of prejudice by reason of his acquittal on all but one charge, coupled with the jury's fixing the minimum punishment for the count upon which he was convicted. A persuasive argument can be made that these circumstances accentuate the prejudicial effect of the multiple charges, in that the jury may have concluded to convict appellant of "something" due to the adverse effect of so much incriminating evidence in so many separately stated episodes.

Viewing the totality of the circumstances, the court readily concludes that the appellant was entitled to appropriate severance, and that it was prejudicially erroneous to deny his motion for severance.

The judgment is reversed for proceedings consistent with the opinion.

All concur.