James Michael WHITE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Nov. 14, 1980.

Discretionary Review Denied
March 3, 1981.

Jack Emory Farley, Public Advocate, Kevin McNally, Asst. Public Advocate, Frankfort, for appellant.

Steven Beshear, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for appellee.

Before BREETZ, COOPER and WHITE, JJ.

COOPER, Judge.

This is an appeal from a judgment convicting the appellant of trafficking in a controlled substance and convicting him of being a persistent felony offender. KRS 218A.990(1); KRS 532.080. The appellant was sentenced to ten and eleven years respectively, ten of those years without parole. The principal issues raised herein are whether the appellant's due process rights were denied by (1) the trial court's refusal to allow the introduction of mitigating evidence with respect to the charge of being a persistent felony offender; (2) pre-trial discovery responses on the part of the Commonwealth; (3) prosecutorial misconduct; (4) the trial court's refusal to instruct the jury with respect to the non-parole limitations of KRS 532.080(7); (5) the trial court's refusal to instruct the jury under KRS 218A.990(2); (6) the absence of proof of all elements of the charge of being a persistent felony offender; and (7) the trial court's restriction on voir dire examination. On review, we affirm.

The appellant, James Michael White, was indicted in December of 1979 for trafficking in a controlled substance—Schedule II—dilaudid. The appellant was charged with selling a quantity of the drug to an undercover police office in August of 1979. KRS 218A.070 and KRS 218A.990(1). Additionally, he was charged with being a persistent felony offender. KRS 532.080. The appellant was tried by a jury in January of 1980, and convicted of both charges. He was sentenced to ten years on the first charge, and eleven years on the second. It is from this judgment that he now appeals.

Initially, the appellant argues that he was denied both federal and state constitutional rights of due process in that the trial court refused to allow him to introduce mitigating evidence on the charge of being

a persistent felony offender. In effect, he argues that he should have been allowed to introduce evidence by a psychologist and members of his family as a defense to the charge. We reject this argument. The sole issue to be determined in a persistent felony offender phase of a trial is that of status; that is, does the accused meet the statutory definition of being a persistent felony offender. Evidence which supports or refutes the determination of that status is therefore admissible. Conversely, character evidence such as that sought to be introduced here is inadmissible in that it neither proves nor disproves the status. This clearly is irrelevant and immaterial to the question involved. *See Hardin v. Commonwealth*, Ky., 573 S.W.2d 657 (1978). To admit such character evidence would, in effect, be to grant the appellant a retrial on past felony convictions. This cannot be done. *Allen v. Commonwealth*, 272 Ky. 533, 114 S.W.2d 757 (1938).

 In a related argument, the appellant argues that he was denied due process in that the trial court precluded him from informing the jury about the strict non-parole provision contained within KRS 532.-080(7). The trial court acted correctly. The purpose of bifurcating the persistent felony offender stage of a trial is to avoid creating an unfair influence upon the question of the guilt or innocence of the defendant with respect to the current charge. Yet, this proceeding is not designed to provide a separate sentencing phase where mitigating or aggravating factors surrounding the charge can be presented. KRS 532.-080 precludes certain types of clemency. Probation and parole are not constitutional rights, but, rather, are legislative clemencies granted as a matter of grace. Consequently, we do not believe that the appellant had a constitutional right to inform the jury about the strict limitations of the statute.

 Secondly, the appellant argues that he was denied due process as a result of the Commonwealth's misleading responses to certain discovery requests. Specifically, he argues that the Commonwealth failed to inform him that the police officer involved had handwritten notes, and that an oral statement had been made by the appellant to that officer. Under RCr 7.24, oral statements and conversations do not come within the scope of discovery. Only written statements and confessions are discoverable. Therefore, the Commonwealth's response that it had no written or recorded statements made by the defendant was technically correct. Clearly, the Commonwealth was not required to provide the appellant with any and every oral statement he made to any of the witnesses involved. Furthermore, RCr 7.24(2) specifically prohibits from discovery the notes of a police officer or agent of the Commonwealth. Again, the response to the request was technically proper. If the appellant were mislead in this respect, it is not attributable to the actions of the Commonwealth.

 Thirdly, the appellant argues that he had denied a fair and impartial trial as the result of the misconduct of the prosecutor, both during the trial and the summation of the evidence. On review, we find that the alleged misconduct did not deny the appellant a fair and impartial trial. Specific allegations of misconduct were, at the time of the trial, objected to by counsel for the appellant and sustained by the trial court. Accordingly, the appellant cannot argue that such misconduct tainted the impartiality of the proceedings. *Brown v. Commonwealth*, Ky., 449 S.W.2d 738 (1969); RCr 9.22. Furthermore, the alleged misconduct of the prosecutor with respect to his closing remarks is clearly not supported by the record. An ambiguous remark should not be construed to have its most damaging meaning. *Donnelly v. De Christoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Closing remarks are clearly in the category of argument rather than evidence. Therefore, the prosecutor, as well as the defense attorney, should be given some latitude in this respect.

 Fourthly, the appellant argues that the trial court erred in refusing to instruct the jury on a lesser included offense during the guilt phase of the trial. KRS

**532**

218A.990(1), (2). We reject this argument. KRS 218A.990(2) is not a lesser included offense to that set forth in KRS 218A.990(1). They pertain to separate, distinct offenses, one being a narcotic and one being a non-narcotic. The only evidence presented during the trial with respect to the substance allegedly sold by the appellant was that it was a Schedule II narcotic. Consequently, the trial court did not err in refusing to accept appellant's instruction on a lesser included offense.

Sixthly, the appellant argues that he was denied due process with respect to the charge of being a persistent felony offender in that an essential element of that offense—the age of the appellant at the time the offenses were committed—was not proved. Although the record reflects the fact that this element may not have been proved, there was no preservation of error for review. No motion for directed verdict was made at the close of the persistent felony offender stage. *Crawley v. Kunzman*, Ky., 585 S.W.2d 387 (1979). Although situations exist in which it would be a manifest injustice for a reviewing court to decline to review an error, even though such error had not been preserved for review, we do not believe this constitutes one of those situations. *Stone v. Commonwealth*, Ky., 456 S.W.2d 43 (1970).

Finally, the appellant argues that he was denied due process of law in that the trial court restricted his voir dire examination of the jury panel. Although the appellant tendered instructions to the trial court, no ruling was requested by him. RCr 9.22. Furthermore, the appellant failed to object to the trial court's restrictions of the voir dire examinations. More importantly, the trial court's restrictions were well within the scope of RCr 9.38, and did not deny the appellant the basic right to a fair and impartial trial.

The judgment is affirmed.

All concur.