Clyde M. **BURTON,** Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

Court of Appeals of Kentucky.

July 25, 1986.

Discretionary Review Denied by Supreme Court Oct. 7, 1986.

V. Gene Lewter, Lexington, for appellant.

David L. Armstrong, Atty. Gen., Mary-James Young, Asst. Atty. Gen., Frankfort, for appellee.

Before WILHOIT, COOPER and DUNN, JJ.

DUNN, Judge.

This is an appeal from the judgment of the Fayette Circuit Court in which the appellant Burton was convicted for burglary in the third degree, with a sentence of five years enhanced to fifteen years by a conviction for persistent felony offender in the first degree. We reverse.

In the PFO portion of a bifurcated trial the Commonwealth presented proof of the underlying convictions for Burton being a first degree persistent felony offender consisting of proof that he was convicted of and sentenced to two years in prison on the charge of complicity to commit second-degree burglary on December 12, 1980, and of proof that he was convicted on February 28, 1981, of and sentenced to one year in prison on the charge of second-degree escape. The Commonwealth then introduced and the court received testimony that on the later charge Burton was paroled on August 23, 1982, and that he was discharged from parole on August 3, 1983.

In an in-camera hearing prior to the PFO phase of the trial, Burton objected to the jury being told the beginning date of his parole. He argued there, as he does here, that the beginning date of his parole is not material to the PFO first-degree charge. He argues that the date that he was discharged from parole is the only pertinent fact material to that charge.

■ In pertinent part KRS 532.080, the persistent felony offender statute, provides:

(3) A persistent felony offender in the first degree is a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of two (2) or more felonies. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

(a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor; and

(b) That the offender was over the age of eighteen (18) years at the time the offense was committed; and

(c) That the offender: ...

3. Was discharged from probation, parole, conditional discharge, conditional release, or any other form of legal release on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted; or....

This court in *White v. Commonwealth*, Ky.App., 611 S.W.2d 529 (1980), a case where the defendant sought to introduce mitigating evidence on being a PFO offender, rejected the argument that it be admitted and stated that:

... The sole issue to be determined in a persistent felony offender phase of a trial is that of status; that is, does the accused meet the statutory definition of being a persistent felony offender. Evidence which supports or refutes the determination of that status is therefore admissible. Conversely, character evidence such as that sought to be introduced here is inadmissible in that it nei-

ther proves nor disproves the status. This clearly is irrelevant and immaterial to the question involved.

*See also Pace v. Commonwealth,* Ky., 636 S.W.2d 887 (1982), which held in a case where the commonwealth sought to introduce circumstances of the underlying previous felony convictions, that introduction of the jacket that the defendant was wearing when he was arrested for the underlying offense was clearly irrelevant and should not have been permitted. The Court commented:

> ... The Commonwealth should bear in mind the purpose of the persistent felony offender stage of the bifurcated trial. In order to establish a persistent felony offender status, the Commonwealth merely needs to establish a simple check list of technical statutory requirements.

These propositions are further fortified in *Payne v. Commonwealth,* Ky., 623 S.W.2d 867 (1981), *cert. den,* 456 U.S. 909, 102 S.Ct. 1758, 72 L.Ed.2d 167 (1982). It held that external considerations have no legitimate bearing on the jury's facts of determination of guilt or innocence in any matter. The Court was referring to consideration of future consequences such as treatment, civil commitment, probation, shock probation and parole having no place in a jury's findings of fact and may serve to distort it. It held that neither the prosecutor, defense counsel, nor the court may make any comment about the consequences of a particular verdict at any time during a criminal trial.

We conclude that introduction of the evidence concerning the beginning of Burton's parole was clearly inadmissible and was prejudicial. The Commonwealth argues to the contrary. The only way we could agree with the Commonwealth would be if the persistent felony sentence was the minimum of ten years rather than the 15 years that the jury assessed.

In view of the fact that we cannot speculate as to what effect the introduction of this proof had on the jury's sentencing, this case should be remanded for a retrial of the bifurcated PFO first-degree portion.

Upon remand the only proof concerning Burton's parole that is admissible would be the date that he was released from parole.

The judgment of the Fayette Circuit Court is REVERSED and the case REMANDED for proceedings consistent with this opinion.

All concur.