**Michael J. LEMON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–CA–835–MR.**

Court of Appeals of Kentucky.

July 22, 1988.

Discretionary Review Denied by Supreme Court Dec. 7, 1988.

J. David Niehaus, Deputy Appellate Defender, of Jefferson District Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Carol C. Ullerich, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, McDONALD and WEST, JJ.

WEST, Judge.

This is an appeal from a judgment based on a jury verdict finding appellant guilty on two counts of receiving stolen property. The jury returned verdicts of four years on each count but enhanced the sentence to 12 years in the PFO/Truth in Sentencing (TIS) phase of the proceedings.

On appeal, Lemon argues that combination of the persistent felony offender phase with the penalty phase required by KRS 532.055 violated his due process rights and permitted introduction of incompetent and prejudicial evidence. We disagree and affirm.

Appellant has asked this Court to resolve issues which have already been decided by our Supreme Court in *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987). In *Reneer*, the Court approved the combined PFO/TIS hearing format "because the same evidence that is pertinent toward fixing the penalty is also pertinent for consideration in the enhancement of sentence...." *Id.* at 798.

Although we certainly recognize that combination of these hearings does create "apparent difficulties" and much confusion, we cannot accept appellant's argument that *Reneer* is not binding on this Court. We also note that while counsel for appellant suggested at oral argument that a "trifurcated" proceeding would be preferable, he opposed such a proceeding below.

Accordingly, the trial court strictly complied with KRS 532.055(3) which requires that "all hearings held pursuant to this section shall be combined with any hearing provided for by KRS 532.080." While appellant maintains this is impossible

to accomplish, we believe *Reneer, supra,* is dispositive of Lemon's first claim. Appellant also argues, however, that the jury improperly used evidence of his probation and parole history to enhance his sentence under the PFO statute. He complains that the trial court should have limited the effect of the evidence with an instruction or admonition.

Having reviewed the record herein, we find no grounds for reversal. The testimony as to when appellant was "released from confinement from prior offenses" was relevant to sentencing and is admissible under KRS 532.055(2)(a)(3). We also note appellant's own testimony during the guilt phase of trial that he had "just got out of prison." As stated in *Reneer, supra,* jurors should not be required to "sentence in a vacuum without any knowledge of the defendant's past criminal record or other matters that might be pertinent to consider in the assessment of an appropriate penalty." *Reneer* at 797. Although *Burton v. Commonwealth,* Ky.App., 715 S.W.2d 897 (1986), held that evidence concerning the beginning of appellant's parole was prejudicial, that was prior to the enactment of the Truth in Sentencing Act.

▆▆▆ Furthermore, we are unable to find any request by appellant for a limiting instruction or admonition restricting the jurors' consideration of his parole history. It is imperative that claimed errors be presented to the trial court by proper objection before this Court can review such allegations. *Baker v. Commonwealth,* Ky. App., 465 S.W.2d 305 (1971); RCr 9.54(2).

Therefore, the judgment is AFFIRMED.

McDONALD, J., concurs by separate opinion.

COMBS, J., dissents.

McDONALD, Judge, concurring:

I concur with Judge West's opinion because it correctly follows the majority in *Com. v. Reneer,* Ky., 734 S.W.2d 794 (1987), which is binding upon us. I write separately to express my reservations about *Reneer* because, in my opinion, the dissent properly reflects what the law should be.

The truth in sentencing statute permits a combination of the penalty phase with the persistent felony offender portion of a trial, and while the constitutionality of such procedure was approved in *Reneer,* grave reservations were expressed. I see a real problem in the statute's constitutional application.

I agree with the language in *Reneer* which states: "The jury is required to sentence in a vacuum without any knowledge of the defendant's past criminal record...." However, the second part of the preceding paragraph does cause concern where it says, "or other matters that might be pertinent to consider in the assessment of the appropriate penalty." What "other matters" is the Supreme Court talking about?

If the defendant is on probation or parole, does this mean, since his status can be discussed under KRS 532.055(2)(a)(5), that a parole officer can give opinion evidence to the jury about the defendant?

If the statute is procedural in nature, as expressed in *Reneer,* where is the due process notice requirement concerning the admissibility of the evidence about "other matters"? In my opinion, *Reneer* has developed an open range where the prosecutor is allowed to roam at large and unbridled. I accept appellant's counsel's remedy as the proper approach, that being an additional bifurcation dealing with the combination of truth in sentencing and persistent felony offender procedures. But we are bound by *Reneer;* it will be necessary for the Supreme Court to make any adjustments of its opinion.