**Raymond BARNETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 90–SC–926–MR.

Supreme Court of Kentucky.

April 9, 1992.

Michael T. Palermo, Lexington, for appellant.

Chris Gorman, Atty. Gen., Vickie L. Wise, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

## OPINION OF THE COURT

Appellant was convicted of first degree rape, sodomy, and sexual abuse of a minor less than twelve (12) years of age. He was sentenced to consecutive terms of imprisonment totalling sixty-five years. He appealed his conviction as a matter of right and we heard oral argument.

The issue properly expressed is whether appellant was denied a right to present a defense and consequently, a fair trial, when the trial court excluded evidence of prior sexual contact between the complaining witness and her brother without conducting any hearing to determine the relevance of such evidence.

Appellant's conviction was as a result of alleged sexual contact with his minor, natural daughter. The Commonwealth offered testimony of the complaining witness, limited testimony of her brother which partially contradicted her testimony, and the testimony of an examining physician who testified to findings of chronic sexual contact and, without objection, identified appellant as the perpetrator of such contact. Despite the existence of several handwritten notes by the victim and her brother which suggested the existence of a sexual relationship between them, and statements by the victim identifying her brother as one with whom she had sexual contact, the trial court denied appellant any right to cross-examine the complaining witness or her brother as to their possible sexual contact. From the record, it appears that appellant's counsel erroneously conceded that the Rape Shield Statute excluded such evidence.

The Rape Shield Statute contains a general prohibition against introduction by a defendant of any reputation evidence, or evidence of specific instances of the victim's prior sexual conduct or habits. KRS 510.145(2). However, subsection (3) allows the introduction of evidence of the complaining witnesses' prior sexual conduct or habits with parties other than the defendant if that evidence directly pertains to the act or acts on which the prosecution is based and is found to be relevant. KRS

510.145(3). Subsections (3)(a) and (b) mandate such a relevancy determination and prescribe the method. KRS 510.145(3)(a).

▮ The purpose of the Rape Shield Statute in generally prohibiting evidence of prior sexual conduct of a complaining witness is to insure that that witness does not become the party on trial through the admission of evidence that is neither material nor relevant to the charge made. The statute does not prohibit the introduction of relevant, probative evidence at trial, if the evidence of prior sexual conduct directly pertains to the crime with which the defendant is charged. KRS 510.145; *Bixler v. Commonwealth*, Ky.App., 712 S.W.2d 366 (1986). In the case of a sexually active adult who claims to be the victim of rape, medical findings that she frequently engages in intercourse would not be probative of the crime charged. However, in the case of a female child who is presumed not to be sexually active, and with whom any sexual contact is prohibited, a medical finding of frequent sexual activity establishes the relevance of evidence that the perpetrator is one other than the person charged.

▮ The evidence of prior sexual contact between the victim and her brother was placed in the record by avowal as a result of the trial court's ruling that the evidence was precluded by the Rape Shield Statute. Appellant's counsel claims, and it is uncontroverted by the appellee, that all of this evidence came into his possession less than two days before the trial, making it impossible for him to timely move for a hearing to determine its admissibility. KRS 510.-145(3) and (4). The notice statute provides, however, for admission of such evidence if cause is shown. *Id.* As appellant failed to raise the possible applicability of the exception and generally conceded to the trial court that the evidence was precluded by the statute, no hearing on admissibility of the evidence was held. Reluctantly, we apply RCr 10.26 on grounds of manifest injustice.

Omission of the evidence concerning the ongoing sexual activity between the complaining witness and her brother was devastating to appellant in light of the testimony of the examining physician who expressed findings of chronic sexual contact and, without objection, identified appellant as the guilty party. The possibility that the victim had engaged in ongoing sexual conduct with her sibling was not revealed to the physician during his examination and interview of the victim. This revelation may have caused the physician to qualify or omit his branding of appellant as the assailant.

Upon review of the arguments of counsel, their briefs, and the video transcript of the trial, it is apparent that appellant was convicted based on the child's testimony and the corroborating medical testimony of the examining physician. Appellant was required to defend himself without the benefit of evidence which could have explained the expert's physical findings. The preclusion of the evidence of the victim's sexual contact with her brother was tantamount to a denial of appellant's right to present a defense. Accordingly, the conviction is reversed and this cause remanded for a new trial not inconsistent herewith.

STEPHENS, C.J., and COMBS, LAMBERT, LEIBSON and REYNOLDS, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which SPAIN, J., joins.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because there is nothing in the briefs or oral argument presented to this Court which indicates that the conviction and sentence of Barnett was improper. In my view the majority has improperly substituted its view of how the case should be practiced for that of Barnett's trial and appellate counsel.

Barnett's appellate counsel frames his sole argument on appeal to the effect that the application of the rape shield law in this case denied appellant his constitutional right to confront and cross-examine the witnesses against him. The majority opinion states that the issue properly expressed is whether the appellant was denied a right to present a defense and consequently, a

fair trial, when the trial court excluded evidence of prior sexual contact between the complaining witness and her brother without conducting a hearing to determine the relevance of such evidence. The majority further states that it appears from the record that appellant's counsel erroneously conceded that the rape shield statute excluded such evidence. In order to reach the result of reversing, the majority seeks to apply manifest injustice pursuant to RCr 10.26.

Initially, we must observe that Barnett had submitted this issue on appeal with an incomplete record of the videotaped proceedings. Eleven minutes of the proceedings where the issue was argued before the court by counsel were not recorded on the videotape. Clearly the proper procedure would have been to notify the court and request leave to include a narrative statement agreed upon by the parties. CR 75.-13.

Consequently, the court is placed in the position of accepting Barnett's version of the issue on appeal without much choice. Such action is totally inappropriate. *Cf. Young v. Newsome,* Ky., 462 S.W.2d 908 (1971); CR 76.12(4)(c)(iv). K.R.S. 510.-145(3) indicates the specific statutory procedure to be followed in the event the defendant believes there is relevant evidence to offer. In the absence of an appropriate record or an agreed narrative statement, it cannot be known whether Barnett followed proper procedures or even preserved the issue he presents for review. *Cf. Ford v. Commonwealth,* Ky., 472 S.W.2d 261 (1971). That is actually of little consequence because the majority of this Court ignores the procedural lapse and substitutes its version of the trial for that of either the appellant or the appellee.

The claimed exculpatory evidence relating to the complaining witness' alleged admission of sexual contact with her brother was introduced by means of avowal at the close of the defendant's evidence. Clearly the introduction of such avowal evidence again puts the court in the position of accepting the statements on behalf of Barnett without any means of testing the cred-ibility of the testimony. The statement in question was allegedly made by the complaining witness to her mother who in turn allegedly informed the social worker. Thus the statement was little more than double hearsay without any recognized exception available.

The remaining claimed exculpatory evidence, handwritten notes between the complaining witness and her brother, was properly disallowed by the trial judge because the step-mother of the victim indicated that she did not know exactly when the notes had been written before their discovery in late 1987 or early 1988. The offense charged was alleged to have occurred between March and May of 1986. It is impossible to glean whether the ambiguous notes pertained to the act on which the prosecution was based. Therefore the trial judge correctly prohibited the notes from being introduced pursuant to the rape shield statute, K.R.S. 510.145(3).

I would affirm the conviction in all respects.

SPAIN, J., joins in this dissent.