Joseph W. MACK, Sr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 91–SC–407–MR.

Supreme Court of Kentucky.

July 1, 1993.

Rehearing Denied Sept. 30, 1993.

Tod D. Megibow, Paducah, for appellant.

Chris Gorman, Atty. Gen., Lana Grandon, Asst. Atty. Gen., Criminal Appellate Div., Capitol Building, Frankfort, for appellee.

COMBS, Justice.

Convicted of sodomy in the first degree (Class A) and sexual abuse in the first degree, and as a persistent felony offender in the second degree, Joseph W. Mack, Sr., was sentenced to fifty years' imprisonment. He challenges those convictions by appeal to this court as a matter of right, and presents five issues: 1) whether the trial court erred in admitting into evidence, without proper foundation, testimony by two victims of Mack's prior sexual crimes; 2) whether the court erred in allowing the reading into evidence of Mack's confessions to the prior crimes; 3) whether the court erred in excluding defense evidence regarding the recent victim's previous treatment for sexual abuse committed against her by others; 4) whether the trial court erred in overruling objections to improper and unfairly prejudicial arguments by the prosecutor; and 5) whether the court erred in denying the defendant's motion to have the victim examined by a defense psychiatrist.

We reverse on issues four and five.

In closing argument during the guilt/innocence phase of trial, the prosecutor remarked:

> [W]e've only heard the tip of the iceberg. You didn't hear the full story in a trial in open court under oath of all these witnesses subject to the rules of evidence.

The defense objected, but the prosecutor persisted:

> You've heard that portion that comes in through legal proceedings, and that's all. What happened in that house all the rest of the nights? Do you think his needs stopped? Do you think he wasn't abusing somebody?

A second defense objection was overruled, and a motion for mistrial was denied.

The trial court committed reversible error in condoning the prosecutor's patently improper and prejudicial argument. We are amazed that the prosecutor, the court below and the Commonwealth all appear to charac-

terize these remarks as fair comment on the evidence; in fact they constitute unfair speculation on anything but the evidence. We see nothing fair in telling the jury that there exists a vast store of incriminating evidence, the presentation of which is obstructed by "rules of evidence" and "legal proceedings" (broadly, due process). A defendant cannot confront phantom witnesses, or cross-examine real witnesses on a "full story" consisting of mere suggestion. The argument enticed the jury to override due process of law as a baneful impediment to justice, and was made doubly prejudicial by weight of the trial court's imprimatur. The effect was to deprive the defendant of a fair trial.

The indictment charged the defendant with acts committed over an eight-month period from November 1989 to July 1990, during which time the alleged victim turned nine years of age. At the time of trial (February 1991) the complaining witness was nine years old. The defense motion for a psychological examination of the child, filed October 10, 1990, cited CR 35.01 as providing the court with authority to order such an examination, and argued that the witness's mental condition was at issue because she had suffered sexual and physical abuse at the hands of others several years earlier, when she was age 5. In a motion filed on September 19, 1990, the defense had alleged that the child had been treated at a facility in Tennessee as a result of the prior sexual abuse, and that records from that facility would likely show that she was transferring the prior experience to the present defendant. On October 22, 1990, the defense filed a motion to continue, alleging that the freshly acquired medical records revealed that the child had been hospitalized from August 1988 through February 1989 and had exhibited propensities to lie, cheat and manipulate, as well as sadistic tendencies. The defense proposed to take depositions of the treating personnel at the Tennessee facility. On the same day (October 22, 1990), the trial court denied the motion for a psychological examination on grounds that the child was not a "party" within the meaning of CR 35.01.

■ Even though CR 35.01 does not expressly provide for an examination of a pros-

ecuting witness who is not a party, due process and fundamental fairness may, depending on the circumstances, entitle the defendant to have the alleged victim examined by an independent expert, if not a defense expert. *Turner v. Commonwealth,* Ky., 767 S.W.2d 557 (1989). In *Turner,* which involved the alleged rape and sexual abuse of a four-year-old, the Commonwealth presented expert evidence that the child had injuries to the hymenal ring, some of which, in the expert's opinion, were caused by penile penetration. Holding that the defense was entitled to have the child examined by an independent gynecologist, we reasoned:

> We must be vigilant not to open the door to the opportunity for a defendant in a criminal case to invade the privacy of the prosecuting witness or to harass the witness. In this case, a physical examination of the four-year-old child might have disclosed evidence to completely refute the charge, and at the very least, would have been of enormous benefit to the appellant in the conduct of the trial. In our view, this out-weighs the potential for harm above expressed.

*Id.* at 557.

■ We believe that the circumstances in the present case indicate a substantial possibility that a defense or independent expert would provide genuinely relevant and beneficial evidence on the questions of concoction or transference resulting from the child's unfortunate past. Given the facts of this case, we are persuaded that a psychological or psychiatric examination of the prosecuting witness would have significant positive potential, and minimal potential for harm or harassment. We hold that the defendant was entitled to have the child examined as a matter of due process and fundamental fairness, and that the trial court erred in failing to order at least an independent examination.

The appellant raises three other issues, all of which are likely to re-emerge in the event of a new trial.

■ The defense sought to introduce the medical records from the Tennessee facility and the deposition of the child's treating psychiatrist there, all of which would show,

according to the appellant, that the child had suffered from post-traumatic stress disorder and transference. The deposition included testimony that the child might confuse the person who may have committed acts against her, might transfer her feelings toward one person to another person, and might be unusually susceptible to suggestion as to the identity of the person abusing her. As the Commonwealth points out, however, the defense did not establish that either post-traumatic stress disorder or transference was a condition generally recognized in the medical or scientific community. *See Dyer v. Commonwealth,* Ky., 816 S.W.2d 647 (1991). Furthermore, the deposition does not establish that the opinions expressed within it are based upon a reasonable degree of medical probability. Given these circumstances, we are unable to say that the trial court abused its discretion in declining to permit introduction of this evidence, in view of its diminished probative value. (We emphatically do not say, however, that this evidence may be ignored by the court in determining whether a new psychological examination is warranted. *See supra.*)

The appellant contends that testimony of two prior victims of sexual crimes by Mack, and an officer's reading of Mack's confession to those crimes, were improperly admitted over objection because: a) the prior acts were too remote in time; b) the prior acts were not sufficiently similar to the charged acts; and c) a proper foundation was not laid.

The prior acts comprised a course of conduct which had ended approximately six years before the acts complained of in the present indictments began. We are not prepared to say that the six-year interim in this case requires exclusion of otherwise admissible evidence of prior bad acts, especially where, as here, the defendant was imprisoned for nearly four of the six years. Upon retrial, the admissibility of such evidence will necessarily be determined pursuant to the standards of KRE 404 and our decision in *Billings v. Commonwealth,* Ky., 843 S.W.2d 890 (1992), neither of which was available to the court below during the first trial of this matter. It appears that a good deal of the evidence of prior acts was sufficiently similar in detail to the charged acts to be admissible in the trial court's discretion. Certain portions of the evidence, however, bore little resemblance to any evidence concerning the charged acts. Those portions were fortuitously harmless, but their erroneous admission demonstrates the necessity of providing a proper foundation for such evidence. In the instant case, the testimony of the previous victims and the evidence of Mack's confession preceded presentation of any evidence with respect to the present charges. That order of proof invites prejudicial error by precluding the trial court from judging the admissibility of the prior-acts evidence according to its degree of similarity to evidence introduced on the present charge.

The convictions are reversed, the sentences are vacated, and this matter is remanded to McCracken Circuit Court for further proceedings consistent with this opinion.

STEPHENS, C.J., LAMBERT and LEIBSON, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion, in which REYNOLDS and SPAIN, JJ., join.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because I believe the closing argument by the prosecutor was not unduly prejudicial or unfair and that the decision of the trial judge to deny the motion by the defendant to have the victim examined by a defense psychiatrist was not reversible error.

In reviewing the contention that the prosecutor's closing argument amounted to reversible error, we must remember that although Mack denied committing the acts with which he was charged, he had been previously convicted in 1983 of first-degree sodomy, first-degree sexual abuse, two counts of second-degree sexual abuse, third-degree sodomy, second-degree sodomy, third-degree sexual abuse and attempted first-degree rape. In regard to that conviction, Mack testified in this case that he had a strong need to be punished in a sexual manner and that he satisfied that need by engaging in a pattern of sexual activities with a number of young girls. He had been convicted of engaging in

sexual activity from 1979 through 1983 with two step granddaughters who were then ages 10 and 12. After he was released from prison, Mack gained the trust of a new step granddaughter, and engaged in the same type of sexual acts as were the basis of his previous convictions. The prosecution's theory of the case was that at the time of his arrest, Mack was beginning to enter into the same type of relationship with two young girls who were the children of his niece. It should be noted that the children's mother testified that she was aware of the earlier convictions but was not concerned about her daughters visiting Mack.

Considering all the circumstances surrounding the facts and the pattern of activity involved, the comment by the prosecutor was not unduly prejudicial and was a fair comment on the evidence of what Mack had stated in his own testimony.

In addition, the statement by the prosecutor about the credibility of the child/victim was not improper. The defense was that the victim was lying. The prosecution was simply asking the jury to use common sense in considering the credibility of the child/victim. In order to be reversible error, prosecutorial misconduct must be so serious as to render the entire trial fundamentally unfair. *Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir.1979). The comments of the prosecutor here did not deprive Mack of a fair trial. The statements were not improper or prejudicial to the extent that they require the setting aside of the jury verdict. *Jones v. Commonwealth*, Ky. 281 S.W.2d 920 (1955); *Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). The statements of the prosecutor were based on the evidence and did not go beyond the bounds permitted in closing argument. *White v. Commonwealth*, Ky.App., 611 S.W.2d 529 (1980). Mack received a fundamentally fair trial.

The trial judge did not commit reversible error or abuse his discretion in denying the request by Mack to have the victim examined by his own psychiatrist.

Civil Rule 35.01 expressly provides that when the mental or physical condition *of a party* (emphasis added) is in controversy, the trial court may order the party to submit to an examination by a physician. In this case, the trial judge determined that the child/victim was not a party within the meaning of CR 35.01. It should be obvious that this kind of case is brought in the name of the Commonwealth of Kentucky and not the victim. Thus the victim was not a party to the action and the rule is not applicable. Consequently, there was no reversible error or abuse of discretion.

Here, the victim was admitted to the hospital on August 19, 1988 and was not released until February 3, 1989. The victim testified that Mack began to sexually abuse her in 1989 and continued until July, 1990, when she reported it to her stepmother. Mack was given the records of the victim from the hospital and took the deposition of the victim's treating physician. He sought to introduce the favorable testimony of the doctor. To have testimony from a second examining physician would merely be redundant and cumulative.

Moreover, Mack was provided with the opportunity to question the victim during her competency hearing which was held prior to trial. At that hearing, the trial judge found the victim competent to testify and an examination of her trial testimony indicates a clear recollection of the abuse. In addition, the defense had the opportunity to cross-examine the child/victim.

Under all the circumstances present here, the balancing test noted by the majority opinion in *Turner v. Commonwealth*, Ky., 767 S.W.2d 557 (1989), would certainly militate against an additional medical expert.

The authority to order a psychiatric or psychological examination to determine competency rests in the sound discretion of the trial judge. I find no clear cut constitutional requirement for a mental examination of the complaining child/victim in a sex offense prosecution. In this case, under any standard, there was no abuse of discretion.

For a review of cases from other jurisdictions relating to the subject of victim competency testing in sex offense prosecutions see 46 A.L.R.4th 310, Anno. *Necessity or permissibility of mental examinations to determine*

*competency or credibility of complainant in sexual offense prosecutions.* P.310.

I would affirm the conviction in all respects.

REYNOLDS and SPAIN, JJ., join in this dissent.