Donald Ray **VIOLETT**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

No. 93–SC–806–MR.

Supreme Court of Kentucky.

Oct. 19, 1995.

James A. Kidney, Newport, for Appellant.

Chris Gorman, Attorney General, David E. Spenard, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Violett of 157 counts of sexual abuse in the first degree and five counts of first-degree rape. He was sentenced to a total of 754 years in prison.

The questions presented are whether it was error to join the two indictments in one trial, whether it was error to refuse to allow letters written by his stepdaughter to her boyfriend as evidence of past sexual behavior or as evidence of a conspiracy; whether the bill of particulars was proper; whether there was prejudice in the video retrial, and whether the sentence was properly calculated.

There were two indictments in this case. Violett was charged with committing one count of first-degree sodomy, once a week, from the weeks of May 22, 1982 until January 20, 1989, on one of his stepdaughters. The second indictment charged five counts of first-degree rape on one of his biological daughters. The stepdaughter testified that Violett began improperly touching her when she was twelve years old and his improper sexual advances continued over a period of time and included rape. The biological daughter testified that although she was not a full-time member of the household, she visited and stayed overnight at his residence during the time in question. She testified that she was eleven years old when Violett began improperly touching her body and that he also engaged in various other improper sexual advances, including rape, five times prior to her twelfth birthday.

During the first jury trial, following the presentation of all the evidence, but prior to jury instructions, the defense counsel suffered a heart attack. A mistrial was declared and a retrial scheduled. Prior to the retrial, both sides agreed that the evidence had been fully developed at the first trial and both counsel, as well as Violett, agreed to present evidence from the first trial by means of a video tape to the second jury. This appeal followed conviction and sentencing.

I

█ Violett argues that *Davis v. Commonwealth*, Ky., 464 S.W.2d 250 (1970), applies. We disagree.

█ The trial judge has broad discretion in regard to joinder and the decision of the trial judge will not be overturned in the absence of a demonstration of a clear abuse of discretion. *See Schambon v. Commonwealth*, Ky., 821 S.W.2d 804 (1991); *Wilson v. Commonwealth*, Ky., 695 S.W.2d 854 (1985). Violett has not demonstrated any abuse of discretion by the trial judge, and he has failed to identify any substantial prejudice connected with the joinder of the two indictments.

█ A significant factor in determining whether joinder of offenses for trial is unduly prejudicial is whether evidence of one of the offenses would be admissible in a separate trial for the other offense. *Spencer v. Commonwealth*, Ky., 554 S.W.2d 355 (1977). In this case, the evidence of misconduct of Violett with the stepdaughter would have been admissible in the separate trial concerning the daughter, and evidence of his misconduct with the daughter would have been admissible in a separate trial concerning the stepdaughter. The pattern of behavior and conduct was strikingly similar and it was sufficiently close in time. He began improperly touching the daughter when she was eleven years old and he improperly touched the stepdaughter when she was twelve years old. In both situations, the touching escalated into improper sexual rubbing of the victims' bodies and digital penetration. Both victims testified that he ultimately raped them.

The method of gaining access to both children was very similar. Each victim was a member of the household at the time the misconduct occurred. The defendant would get each child alone in the bedroom, or gain access to the victims by approaching them in the bathroom when they were getting ready or taking a shower. He also warned each victim not to tell anyone about the incidents. This behavior indicates that it was strikingly similar conduct.

Violett's argument that the offenses were too remote is without merit. The acts were separated by approximately four years and began in 1989 and terminated in 1992. The

trial judge was correct in determining that the evidence supported a determination that they were sufficiently close in time. *Mack v. Commonwealth,* Ky., 860 S.W.2d 275 (1993); *Anastasi v. Commonwealth,* Ky., 754 S.W.2d 860 (1988). Under all the circumstances, the misconduct of Violett with either victim would have been admissible at a separate trial. The behavior was strikingly similar and sufficiently close in time. The joinder was not unduly prejudicial. The trial judge did not abuse his discretion.

## II

■ The trial judge did not abuse his discretion or commit reversible error when he refused to allow the defendant to offer letters written by the stepdaughter to her boyfriend for the purpose of introducing evidence of her past sexual behavior.

Violett claims that he was denied the opportunity to present one of his main defense theories by the refusal of the trial judge to permit the letters into evidence. The letters in question relate to the theory that the daughter and her boyfriend concocted a criminal charge against her stepfather in order to get him out of the way. The letters also describe the stepdaughter's sexual activity with the boyfriend. The proposed evidence did not directly relate to the offense charged. Violett's argument was that the letters were admissible under the residual exception provision of KRE 412(b)(3). We find no error in the decision of the trial judge to exclude the letters. KRE 412(b) is to be used sparingly and carefully. *See Commentary* KRE 412.

In this case, there is no direct connection between the evidence of prior sexual activity that directly challenged medical testimony introduced at trial. In that respect, it is clearly distinguishable from *Barnett v. Commonwealth,* Ky., 828 S.W.2d 361 (1992). Moreover, the evidence is not similar to evidence that would be admissible under KRE 412(b)(1) or (2). Violett was not denied a defense. He argued at trial that there was evidence that the boyfriend did not like him because he would not allow the relationship between the two children.

Violett cross-examined both the stepdaughter and the boyfriend extensively. Violett introduced evidence of what he considered an alleged conspiracy by means of other testimony. He had sufficient opportunity to develop his conspiracy theory. The ruling by the trial court to prevent a discussion of the stepdaughter's past sexual behavior did not deny or unfairly limit the conspiracy defense. The error, if any, was nonprejudicial. RCr 9.24.

## III

■ It was not reversible error for the trial judge to decline to require the Commonwealth to file a more complete or more specific bill of particulars. Violett claims that the bill of particulars submitted for each case was insufficient. We do not agree. He has failed to demonstrate any significant prejudice. Any possible error was harmless.

■ The purpose of a bill of particulars is to provide a defendant with information necessary to prepare his defense against the charges. It serves to eliminate prejudicial surprises at trial. *Abbott v. Commonwealth,* Ky., 822 S.W.2d 417 (1992). An examination of the record in this case indicates that the prosecution supplied the defendant with all the details of the crime that it had available and was sufficient to comply with RCr 6.22. *Deskins v. Commonwealth,* Ky., 512 S.W.2d 520 (1974). Reliance by Violett on *Davis, supra,* is misplaced because that case is readily distinguishable.

Here Violett had knowledge of what the prosecution would attempt to prove at trial. He did not complain of unfair surprise caused by the bill of particulars for either case. His defense was a complete denial and alibi. He has not shown how a more specific or complete bill of particulars would have provided a different theory of defense. *Yarnell v. Commonwealth,* Ky., 833 S.W.2d 834 (1992).

## IV

■ It was not reversible error to permit a video presentation of the first trial to the second jury. Violett agreed to the manner of his retrial and therefore waived any

complaint concerning it. The record indicates that Violett discussed this matter with his counsel and that he made an informed and voluntary decision. Counsel for both the prosecution and the defense agreed to the video procedure. There was no manifest injustice or palpable error pursuant to RCr 10.26 by employing such a procedure. RCr 10.26 does not preclude the waiver of rights under the state constitution. *See West v. Commonwealth,* Ky., 780 S.W.2d 600 (1989).

## V

The jury convicted Violett for a total of 141 counts of first-degree sexual abuse and for five counts of first-degree rape. Seventeen of the sexual abuse counts drew a punishment of five years on each count. One Hundred Twenty-three of the sexual abuse counts had punishment fixed at three years on each count and the five rape counts had punishment fixed at sixty years on each count. The sentences were to run concurrently for a total of 754 years. That would mean 85 years for the 17 sexual abuse counts, 369 years for the remaining sexual abuse counts and 300 years for the rape counts.

KRS 532.110(1)(c), which deals with concurrent and consecutive terms of imprisonment, when read in tandem with KRS 532.080, Persistent Felony Sentencing, indicates that there is no upper limit on the term of years sentenced for a Class A felony. Consequently, there is no upper limit on the length of the aggregate of the consecutive indeterminate terms. Violett has failed to show that his sentence was improperly calculated.

The judgment of conviction is affirmed.

STEPHENS, C.J., and LAMBERT and REYNOLDS, JJ., concur.

LEIBSON, J., dissents by separate opinion in which FUQUA, J., joins and STUMBO, J., joins in part.

LEIBSON, Justice, dissenting.

Respectfully I dissent.

The majority opinion seems to imply that Violett's purpose in attempting to introduce into evidence letters from his step-daughter (a complaining witness) to her boyfriend was to introduce evidence of his step-daughter's sexual activity. If this were indeed the only purpose, I would agree the letters should be excluded.

However, the purpose of introduction was, for the most part, to introduce evidence of a conspiracy between the step-daughter and her boyfriend to "get" Violett and "make his life hell." As evidence of a conspiracy, the letters were extremely relevant to Violett's defense that his step-daughter and her boyfriend concocted a criminal charge against Violett to get him out of the way.

The purpose of the former Rape Shield Statute, and of KRE 412 which replaced it, is to protect the complaining witness from "becoming the party on trial through the admission of evidence that is neither material nor relevant to the charge made." *Barnett v. Commonwealth,* Ky., 828 S.W.2d 361, 363 (1992). Evidence that is relevant and material should be admitted, even if it relates to a witness's sexual behavior.

The majority opinion states that Violett had sufficient opportunity to develop his conspiracy theory by means of "other testimony." To so state recognizes the relevance and materiality of the conspiracy theory and the need to have evidence regarding it introduced at trial. The majority does not confront the issue of why, if the conspiracy theory was relevant, the trial court limited that defense by excluding highly persuasive written evidence regarding the possible conspiracy, particularly when irrelevant and immaterial portions of the letters dealing with the witness's sexual behavior could have been redacted and the relevant portions entered into evidence.

If the portions of the letters regarding the complaining witness's sexual behavior had been redacted, KRE 412 would be inapplicable to the rest of the letters. Through that method, written evidence of the conspiracy and strained relationship between Violett and his step-daughter and her boyfriend, with a greater potential for impact on the jury, could have been admitted without revealing any irrelevant details of the step-daughter's

sexual experiences. The goal of KRE 412 could have been achieved in a manner much less damaging to Violett's case. The trial court erred in holding that the letters, as a whole, were inadmissible. Violett should not be required to defend himself with one hand tied behind his back.

KRE 412(b)(3) states that "evidence directly relating to the offense charged" is admissible. This rule should be construed to include the motive of the complaining witness. Thus, if any portions of the letters regarding the sexual relationship between the step-daughter and her boyfriend are inextricably intertwined with the motive statements and are substantiating in nature, those portions are admissible.

Further, the sentence imposed on Violett was calculated incorrectly. Under indictment 92–CR–532, for crimes committed upon his step-daughter, Violett was found guilty of 17 counts of first-degree sexual abuse, for which he was sentenced to five years per count to be served consecutively for a total of 85 years. Under that same indictment he was found guilty of an additional 140 counts of first-degree sexual abuse for which he received a sentence of three years per count, to be served consecutively, for a total of 369 years. Under indictment 92–CR–626, for crimes committed upon his natural daughter, Violett was found guilty of five counts of first-degree rape, for which he received a sentence of sixty years per count to run consecutively for a total under that indictment of 300 years. All the above sentences were run consecutively for a grand total of 754 years.

KRS 532.110(c) provides that when multiple sentences are imposed on a defendant for more than one crime,

> The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed.

The "highest class of crime" imposed under the first indictment is a Class D felony (first-degree sexual abuse). The longest extended term authorized by KRS 532.080 for a Class D felony is twenty years, under KRS 532.080(6)(b). Thus, the maximum sentence Violett could receive under indictment 92–CR–532 is twenty years. Trying him under more than one indictment does not magically increase the maximum sentence he can receive under each individual indictment.

Thus, even if the guilt phase is not reversed, Violett's sentence must be reversed and remanded and the trial court directed to enter a sentence of 320 years—twenty years under indictment 92–CR–532 and three hundred years under indictment 92–CR–626. The fact that Violett's attorney abandoned this issue at oral argument and that there is little or no practical difference between a sentence of 754 years and 320 years should not blind us to the statutory requirements.

FUQUA, J., joins.

STUMBO, J., joins as to the sentencing issue only.