**Gary CARGILL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 17, 1975.

John Tim McCall, Louisville, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

**PER CURIAM.**

Gary Cargill was found guilty of two counts of armed robbery; one count of robbery; and one count of obtaining a Schedule II controlled drug by fraud and deceit. A Jefferson Circuit Court jury fixed his punishment at confinement in the penitentiary for life on each count of armed robbery; ten years for the robbery; and five years for attempting to obtain a controlled substance by fraud and deceit. Cargill was sentenced in accordance with the jury's verdict. He appeals from each of the judgments of conviction.

Cargill presents two issues to be determined in this appeal. His first contention is that the trial court erred in overruling his motion for a severance. He contends that he should have had separate trials.

His next allegation of error is that the trial court should have directed a verdict on the controlled substance charge because

there was no evidence that the drug desoxyn is a Schedule II substance as charged in the indictment.

This court now directs its attention to the first allegation of error. On April 3, 1974, a Jefferson County Grand Jury returned an indictment charging Cargill with two counts of armed robbery. The indictment alleged that Cargill robbed Doris Belke on November 2, 1973, and in so doing, used a deadly weapon. The indictment charged under Count 2 that on November 27, 1973, Cargill robbed Glenna Todd, and in doing so, used a deadly weapon.

On May 14, 1974, the Jefferson County Grand Jury indicted Cargill and alleged that on December 5, 1973, he used violence and force in robbing Mary Bunton of her purse which contained the sum of $26.00.

On September 18, 1974, the grand jury returned an indictment charging Cargill with attempting to obtain a controlled substance by fraud and deceit. The indictment alleged that on April 9, 1974, Cargill presented to a pharmacist a prescription for a Schedule II drug known as desoxyn. The prescription bore the forged signature of Dr. Truman Mays.

Following the selection of the jury, Cargill made a motion for a severance of the counts and requested the Commonwealth to elect which charge was to be tried first. This motion was overruled and the trial proceeded.

It is interesting to note that Cargill admitted the robbery of Mary Bunton. At the trial he also admitted that he forged a blank prescription form. When asked if he knew what the drug was, Cargill stated, "It's a pill. A speed pill."

The witnesses for the Commonwealth consisted of the robbery victims, the pharmacist who took the forged prescription, the doctor whose name was forged on the prescription, and the arresting officers involved in the investigation of the robberies and the drug charge.

The evidence as to the guilt of Cargill was compelling. His weak defense was an alibi to the two counts of armed robbery. His mother testified in his behalf but offered no convincing testimony to establish his alibi.

Although there was an abundance of evidence to sustain each of the charges against Cargill, this court is of the opinion that a reversal of the judgment is required because the trial court failed to follow the criminal rules regarding joinder of offenses.

"Two (2) or more offenses may be charged in the same information or two (2) or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan." RCr 6.18.

The rules also provide that,

"The court may order two (2) or more indictments or informations or both to be tried together if the offenses, and the defendants if more than one (1), could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information." RCr 9.12.

Under the rules the three robbery charges could have been included in the same trial since they were similar in character and were closely related in time. There is no connection between the drug charge and the robbery charges so as to warrant a joinder of offenses. Obtaining a controlled substance by deceit is in no way similar to the robbery offenses. The drug charge occurred some four months after the last robbery charge. Therefore, it was improper for the trial court to overrule Cargill's motion for a separate trial as to the drug charge.

Although Cargill was faced with two charges of armed robbery in one indictment, and one charge of robbery in another

indictment, yet the Commonwealth introduced evidence concerning the drug charge first. The drug charge upon which Cargill was convicted is separated from the other offenses charged as far as the east is from the west. A person who is charged with the commission of crimes may not always have a perfect trial, but he is entitled to a fair trial. This court is of the opinion that the offenses were improperly consolidated under RCr 9.12 in that they could not have been properly joined under RCr 6.18. See *Davis v. Commonwealth*, Ky., 464 S.W.2d 250 (1970).

Prejudice may be inferred from the fact that Cargill received the maximum penalty on the charges of robbery, as well as the drug charge.

Cargill's second argument that he was entitled to a directed verdict on the drug charge is absolutely without merit.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.