**Milton RAY, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Feb. 18, 1977.

Rehearing Denied June 10, 1977.

Jack Emory Farley, Public Defender, J. Vincent Aprile II, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Mrs. Iveta Sprowles was working in a liquor store in Springfield, Kentucky, on September 26, 1975, when three black men entered, struck her unconscious, and robbed her of personal items and cash, as well as cash and checks from the store's cash register. Mrs. Sprowles subsequently identified as a participant in the robbery the appellant, Milton Ray, Jr., resulting in his indictment and ultimate conviction of first-degree robbery, for which he was sentenced to imprisonment for 20 years. He appeals, alleging three separate grounds for reversal.

Appellant first complains the trial court committed reversible error by overruling his motion to suppress any in-court identification of him by Mrs. Sprowles without first conducting an evidentiary hearing outside the presence of the jury to determine whether such identification was tainted by the prior identification during the police station lineup, which was stipulated by the Commonwealth to have been improper. In denying this motion the trial judge indicated he did so because he felt Mrs. Sprowles' testimony would demonstrate the extent to which her ability to recognize appellant as a participant in the robbery had been influenced by the unduly suggestive lineup, so that any suppression of such evidence in this initial stage of the proceeding he considered to be premature. Although we are of the opinion that the holding of such a hearing prior to the introduction of this testimony would have been the preferred course to follow, we are not persuaded the failure to have done so requires reversal of appellant's conviction. The record shows Mrs. Sprowles testified on direct examination regarding her ability to recognize the appellant and was extensively cross-examined on this same point, but it does not indicate her in-court identification was affected by the prior improper identification. As such, we do not consider the trial court to have committed prejudicial error by permitting the witness to identify the appellant in the jury's presence.

Appellant secondly argues the trial court erred in denying his motion for a directed verdict of acquittal, contending the evidence does not indicate appellant committed robbery in the first degree in violation of KRS 515.020, and that there was no evidence of his complicity in the offense to make him liable for the conduct of another under the provisions of KRS 502.020(1). We have reviewed the evidence and conclude that it was sufficiently incriminating to warrant submission of the issue to the jury. Cf. *Rogers v. Commonwealth*, Ky., 444 S.W.2d 548 (1969). The testimony presented, we feel, was sufficient to sup-

port a finding that appellant participated in the robbery with a specific intention to promote or facilitate its commission, and so we hold there to have been no error in the overruling of appellant's motion.

■ Appellant's final allegation of error concerns the trial court's instruction on the law of complicity liability. The trial court instructed the jury to the effect that if it believed from the evidence beyond a reasonable doubt that (1) Ray "or persons aiding and assisting him" stole a sum of money from the Springfield Liquor Store and (2) in the course of so doing and with intent to accomplish the theft "one of them caused physical injury to Iveta Sprowles by striking her with his hand or fist or some instrument," it should find him guilty of first-degree robbery. Cf. KRS 515.020(1)(a).

Ray argues first that the evidence was insufficient to permit the jury to believe that he personally committed robbery in the first degree, hence the instructions should have embraced only the theory that he was an aider and abettor. Since, however, Mrs. Sprowles did not know for certain which of the participants struck her, and of course did not know which of them took the money, the only proper basis for the instructions was, in effect, that Ray should be found guilty if he participated with one or more other persons in stealing the money and that in the course of and with intent to accomplish the theft any one of them caused physical injury to Mrs. Sprowles. Substantially that is what the instruction in question said.

■ There are, of course, other ways in which the instruction might very well have been worded. We do not agree that it had to be couched in terms of specific intention on the part of Ray as an aider and abettor. Though KRS 502.020(1) requires as a condition of culpability that an accomplice intend to promote or facilitate the offense, we think that the word "steal" or "stole" is universally understood to connote an intentional taking. One may "take" unintentionally, but he cannot "steal" unintentionally. So, if a person "steals," either personally or through a confederate, he is guilty

of theft—an intentional taking without permission.

If there is a weakness in the first phase of the instruction, it is in the words "or persons aiding and assisting him." For one thing, in legal context "aiding and assisting" generally connotes that the person being aided or assisted is the principal actor, whereas this form of instruction treats the "persons aiding and assisting him" as the principal actors. More seriously, however, one might conceivably infer that this expression would fix responsibility on the defendant for an assistant's act regardless of the purpose for which the assistance had been sought or, indeed, even though the aid and assistance had not been sought at all. For example, in its strict literal sense this language would hold the defendant liable for the act of another person who was assisting him in making a delivery of merchandise to the store, and even though the defendant had not been present. But we think that the possibility of a jury's speculating beyond the scope of the evidence introduced in this trial was so remote that it would be hypertechnical to declare the instruction prejudicially erroneous.

In future cases with comparable facts it would be better to instruct according to one or the other of the following two alternative forms:

(a) that the defendant stole a sum of money from the _____ store, OR that another person or persons present with him on the occasion in question did so pursuant to an agreement with the defendant that one or more of them would do so. [Essentially, this form combines the theory of conspiracy with physical presence.]

(b) that the defendant stole a sum of money from the _____ store, OR that another person did so and the defendant aided and abetted him by standing in immediate readiness to assist him in so doing. [This form presents the theory of aiding and abetting regardless of the existence, vel non, of a conspiracy, or previous agreement.]

■ With respect to the second phase of the instruction, there is no requirement that

the physical injury itself be intended. It is not an element of the crime of robbery, but only an aggravating circumstance increasing the degree. When the first phase, discussed above, is properly expressed in the alternative to embrace a theft by the defendant personally or by a confederate acting in concert with him, the second phase may properly read, as it did here, "that in the course of so doing and with intent to accomplish the theft one of them caused physical injury to _____ by striking her with his hand or fist [or some other object or instrument]."

The foregoing discussion has been provided only because of the newness of the Kentucky Penal Code. Actually, Ray did not object to the instructions and was not in a position to complain of any error. RCr 9.54(2); *Hopper v. Commonwealth*, Ky., 516 S.W.2d 855 (1974).

The judgment is affirmed.

All concur.