Alvin HARRIS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Sept. 16, 1977.

Pamela M. Greenwell, Asst. Dist. Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Sam E. Isaacs, II, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

On March 11, 1976, the Jefferson County Grand Jury returned two separate indictments charging the appellant, Alvin Manuel Harris, with four counts of robbery in the first degree, KRS 515.020. The first indictment, No. 156342, accused him of robbing a Gulf service station located at 2007 South Seventh Street, Louisville, on December 28, 1975, and a grocery store, the Itty Bitty Food Market, also located in Louisville, on January 14, 1976. The second indictment, No. 156343, charged appellant with robbing a Gulf service station located at 2701 Broadway in Louisville twice, once on December 31, 1975, and again on January 15, 1976. The charges were consolidated for trial. Harris was acquitted of the December 28, 1975, robbery of the service station, but convicted of the three remaining charges. He was sentenced to twenty years' imprisonment for the grocery store robbery, and ten years each for the other offenses, all of which were to run concurrently. Three assignments of error are raised by his appeal.

Appellant initially alleges the trial court committed reversible error by consolidating the four charged offenses for trial. We disagree. Under RCr 6.18, 9.12 and 9.16, offenses which are similar in character or are based on the same acts connected

together or constituting parts of a common scheme or plan may, within the discretion of the trial court, be joined for trial. *Edwards v. Commonwealth*, Ky., 500 S.W.2d 396 (1973); *Cargill v. Commonwealth*, Ky., 528 S.W.2d 735 (1975). A conviction resulting from a trial in which a motion for separation of the charged offenses has been denied will be reversed on appeal only if the refusal of the trial court to grant such a severance is found to amount to a clear abuse of discretion and prejudice to the defendant is positively shown. *Spencer v. Commonwealth*, Ky., 554 S.W.2d 355 (1977); *Russell v. Commonwealth*, Ky., 482 S.W.2d 584 (1972). From our review of the record and briefs in the present case, we find the evidence relative to the four criminal occurrences shows them to be closely related in character, circumstances and time. We further find the failure by the appellant to relate to this court the manner in which he perceives himself prejudiced by the alleged misjoinder of offenses for trial. In these circumstances, we must reject appellant's claim of error.

Appellant next argues the trial court erred by failing to conduct an evidentiary hearing outside the presence of the jury to determine whether an in-court identification of him by an employe of one of the service stations appellant was accused of robbing was tainted by a pretrial photographic identification of him by this same witness. As in our recent decision of *Ray v. Commonwealth*, Ky., 550 S.W.2d 482 (1977), however, although we would prefer that such a hearing be held prior to the introduction of the witness' testimony, we are not persuaded the failure to do so warrants reversal of the conviction. Here the witness testified on both direct and cross-examination regarding the facts of the occurrence and her ability to identify the appellant as the perpetrator of the crime solely from her observation of him during the robbery. There being nothing in her testimony to indicate her in-court identification was in any way affected by the prior photographic identification (the occurrence of which was only briefly discussed, and then only on cross-examination), we cannot consider that an error of reversible magnitude was committed by the witness' identification of the appellant within the jury's presence.

Appellant's final claim of error concerns the trial court's refusal to submit to the jury precautionary instructions concerning the use it could make of evidence of appellant's prior conviction for forgery, which evidence was presented on direct examination of the appellant by his trial counsel. In accordance with our decision in *Cotton v. Commonwealth*, Ky., 454 S.W.2d 698 (1970), a hearing was held outside the presence of the jury prior to the introduction of this evidence, at which time its admissibility, under the factors cited as relevant in *Cotton*, was considered. Immediately following its introduction, at the request of the Commonwealth, the trial judge admonished the jury that the evidence must be considered only for the purpose of affecting the appellant's credibility as a witness, and not as evidence of guilt of the crimes with which he was charged.

The judgment is affirmed.

All concur.