**COMMONWEALTH of Kentucky, Movant,**

v.

**Russell Franklin YEAGER, Jr., Respondent.**

Supreme Court of Kentucky.

May 13, 1980.

Rehearing Denied June 24, 1980.

Robert F. Stephens, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for movant.

G. Stephen Manning, Maysville, for respondent.

AKER, Justice.

The respondent, Russell Franklin Yeager, Jr., was convicted on two counts of robbery in the first degree. The Court of Appeals reversed because the trial court did not give an instruction on robbery in the second degree. We disagree.

The case arose when Yeager and an accomplice, Charles Riley, agreed to rob a grocery store and a restaurant. The two men decided that Yeager would drive the getaway car and Riley would commit the robbery. Yeager admits that he conspired with Riley for the commission of the robberies but contends that he did not know or approve of the gun used in the commission of the robberies. Riley supported Yeager's testimony by stating that he never informed Yeager that he had a gun or that he had used one during the robberies.

Respondent argues that an instruction on accomplice liability in the commission of second-degree robbery should have been given since he intended to aid Riley in planning and committing the offense of robbery in the second degree but not robbery in the first degree. The Court of Appeals and respondent rely upon the commentary to KRS 502.020 which states in part as follows:

"To be guilty under Subsection (1) for a crime committed by another, a defendant must have specifically intended to promote or facilitate the commission of that offense. This means that the statute is not applicable to a person acting with a culpable mental state other than 'intentionally.'"

Movant, the Commonwealth, contends that the trial court properly refused to give the respondent's offered instruction on the basis of *Ray v. Commonwealth*, Ky., 550 S.W.2d 482 (1977). In *Ray*, supra, the victim was struck unconscious by one of three men who committed the robbery. Ray was identified as one of the men and was convicted of first-degree robbery under a complicity liability instruction even though it was not established that he struck the victim or intended that result. KRS 502.020(1) requires that for an accomplice to be culpable he must intend to commit the offense and as stated in *Ray*, supra, at 484, "if a person 'steals', either personally or through a confederate, he is guilty of theft—an intentional taking without permission." As further stated in *Ray*, supra, at 484–485, "there is no requirement that the physical injury itself be intended. It is not an element of the crime of robbery, but only an aggravating circumstance increasing the degree."

The use of the gun in the instant case was an aggravating circumstance which increased the degree of robbery and did not result in the commission of a different offense. Applying the principles of *Ray*, supra, to these circumstances leads us to the conclusion that if the commission of the offense of robbery was intended, the lack of

**460**

intent of an aggravating circumstance, such as the use of a gun, will not act to lessen criminal liability for the higher degree of the same offense.

Accordingly, we reverse the decision of the Court of Appeals and affirm the decision of the Mason Circuit Court.

All concur except STEPHENS, J., who is not sitting.