**Jeffrey Lamont CARDINE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 80–SC–843–MR.**

Supreme Court of Kentucky.

Nov. 24, 1981.

Frank W. Heft, Jr., Chief Appellate Defender, Jefferson Dist. Public Defender, Louisville, for appellant; Paul G. Tobin, Jefferson Dist. Public Defender, Louisville, of counsel.

Steven L. Beshear, Atty. Gen., Christopher W. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

On August 26, 1980, Jeffrey Cardine was convicted on three counts of armed robbery and sentenced to 40 years' imprisonment. The court reporter lost her stenographic notes and was unable to provide a transcript of the trial. On April 30, 1981, this court entered an order denying appellant's motion for a new trial and ordering him to file a narrative statement pursuant to CR 75.13. On July 30, 1981, the trial court entered an order certifying an agreed narrative statement which had been filed on July 28, 1981. The primary issue in this case is whether the narrative statement of the trial proceedings was adequate to effec-tuate appellant's right to appeal. We conclude that it was.

We have no caselaw in this jurisdiction which is directly on point. However, the United States Supreme Court has recognized "the availability of alternative devices that would fulfill the same functions as a transcript." *Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); *Draper v. Washington*, 372 U.S. 487, 495, 83 S.Ct. 774, 778, 9 L.Ed.2d 899 (1963). In *Draper* the court said that "a statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial . . . might all be adequate substitutes, equally as good as a transcript." In *Britt, supra,* the Supreme Court reiterated its holding in *Draper* but qualified it by saying that an appellant does not bear the burden of showing that the alternative to the transcript is inadequate. Bearing in mind that the Commonwealth has the burden of showing that this narrative statement is adequate to afford appellant a full and fair review of his trial on appeal, we note the following facts.

The statement was agreed upon by both parties, and was prepared through the joint cooperation and recollections of the trial judge, defense counsel, appellant, and the prosecutor. It contained a summary of the testimony offered by the 10 Commonwealth's witnesses. It noted that no witnesses were called in appellant's behalf. It indicated that defense counsel made timely motions for directed verdicts. Also included were the jury instructions and a copy of the judgment. With such extensive input from all involved, plus the fact that the jury instructions were included, we conclude that the Commonwealth has met its burden of showing that the statement was an adequate substitute.

In *Goins v. Meade*, Ky., 528 S.W.2d 680 (1975) we upheld a trial court's decision excluding opening statements and voir dire from the transcript prepared for an indigent appellant. Therein we said that [i]t is inconceivable that if the defendant was afforded even a modicum of 'adequate representation by counsel,' . . . the errors, if they

had occurred, would not have been brought to the trial court's attention. . . ." Surely, if the defense counsel and the trial judge both participated in preparing the narrative at issue here, any errors brought to the court's attention would have been noted therein. The narrative statement was an adequate substitute for the trial transcript.

 The additional issue raised by appellant is whether the trial court erred when it refused to sever the three counts of the indictment for separate trials on each. Severance of counts is within the sound discretion of the trial court and a denial of such is erroneous only when clearly an abuse of discretion. *Harris v. Commonwealth*, Ky., 556 S.W.2d 669 (1977). Offenses closely related in character, circumstance, and time need not be severed. *Harris, supra*; RCr 6.18 and 9.16. Appellant's argument that the charged offenses were not related closely enough in time, because the first and last were 31 days apart is without credence in light of *Cargill v. Commonwealth*, Ky., 528 S.W.2d 735 (1975) in which we said that three robbery charges could have been tried together although the first and last occurred over a month apart.

The judgment of the Jefferson Circuit Court is affirmed.