RENDERED: JUNE 14, 2018
TO BE PUBLISHED

Supreme Court of Kentucky FINAL

DATE 7/6/18 Kim Redmon, DC

2016-SC-000032-MR

THOMAS EDWARD DAVIDSON                                            APPELLANT


             ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.               HONORABLE BARRY WILLETT, JUDGE
                     NO. 13-CR-3242


COMMONWEALTH OF KENTUCKY                                     APPELLEE


**OPINION OF THE COURT BY JUSTICE VENTERS**

**AFFIRMING**


Appellant, Thomas Edward Davidson, along with co-defendant Kevin Boyd, was indicted for thirty-one counts of first-degree robbery, one count for each individual victim present at fourteen different restaurant robberies that occurred in Louisville between October 24, 2013, and December 2, 2013. Appellant was also charged with being a first-degree persistent felony offender. These counts were tried together in the Jefferson County Circuit Court.[1] The jury convicted Appellant on fourteen counts of first-degree robbery and for

---

[1] An additional charge of possession of a handgun by a convicted felon was severed and is not part of this appeal.

being a first-degree persistent felony offender. He received a total sentence of thirty years' imprisonment.

On appeal, Appellant asserts three instances of trial error as support for his claim that he should have a new trial. He contends the trial court erred by: 1) failing to sever some of the thirty-one counts of robbery; 2) permitting three police officers to testify that the robberies were all related to each other; and 3) informing the jury that it had ruled that both defendants should be tried together on all charges.

## I. THE TRIAL COURT DID NOT ERR IN FAILING TO SEVER THE ROBBERY OFFENSES

Prior to trial, Appellant moved to sever the robbery counts for separate trials so he would not be required to simultaneously defend against thirty-one counts of first-degree robbery. He argues on appeal that the trial court's refusal to do so was an abuse of discretion. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Our review involves a two-step process: first, we consider whether the offenses were properly joined in a single indictment pursuant to RCr 6.18; and second, we consider whether RCr 8.31 required separate trials.

RCr 6.18 permits the joining of separate crimes in a single indictment if "the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan." As the Commonwealth correctly notes, we have consistently upheld

the joinder of multiple robberies when the offenses were "closely related in character, circumstance, and time." *See Cardine v. Commonwealth*, 623 S.W.2d 895, 897 (Ky. 1981); *Davis v. Commonwealth*, 899 S.W.2d 487, 488-89 (Ky. 1995), *overruled on other grounds, Merriweather v. Commonwealth*, 99 S.W.3d 448 (Ky. 2003).

All of the robberies, involving thirty-one victims, occurred within a brief span of six weeks and each occurred under similar circumstances. Each robbery occurred at a restaurant and involved two men armed with a revolver using a white Honda Accord for transportation. Witnesses at different robberies consistently described the robbers' physical appearance and clothing, including a red, white, and green hat referred to as a "granny hat." Police discovered such a hat after Appellant attempted to have his girlfriend dispose of his clothing. The crimes all occurred near Appellant's and Boyd's residences. The similarities between these offenses are striking. They are very clearly offenses "of the same or similar character" properly joined under RCr 6.18.

RCr 8.31 permits properly joined offenses to be severed for separate trials when a party has satisfied the burden of showing that he would be "unfairly prejudiced" by the joint trial. *Parker v. Commonwealth*, 291 S.W.3d 647, 657 (Ky. 2009). Trial judges are vested with great discretion in determining whether to join or sever offenses. *Brown v. Commonwealth*, 458 S.W.2d 444, 447 (Ky. 1970). We have "consistently declined to disturb that discretion

3

absent a showing of clear abuse and actual prejudice." *Cherry v. Commonwealth*, 458 S.W.3d 787, 793 (Ky. 2015) (citation omitted).

Rather than demonstrating *actual* prejudice, Appellant suggests that the prejudice inherent in the "monumental task" of defending against thirty-one charges is self-evident. He contends that he faced "simply too many counts with too many prosecuting witnesses to not be prejudicial." We decline to adopt that presumption by fixing a maximum number of charges that may be joined for trial. We are not persuaded that Appellant was unfairly prejudiced. The trial court did not abuse its discretion in denying Appellant's motion to sever.

## II. THE ADMISSION OF THE POLICE OFFICERS' OPINION TESTIMONY WAS HARMLESS ERROR

Appellant next claims the trial court erred by allowing three police detectives to express their belief that the specific robberies they investigated were related. Appellant also argues that the trial court erred by permitting the lead detective to testify that all the robberies charged in the indictment were "connected," thus implying that if Appellant was guilty of one of the robberies, he was guilty of them all. Over Appellant's objections, the trial court accepted the Commonwealth's argument that the officers' opinions were admissible under KRE 701 because each was rationally based upon the testifying officer's perception and would be helpful to the jury. Upon review, we are satisfied that the trial court misinterpreted and misapplied KRE 701.

KRE 701 provides as follows:

4

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
(a) Rationally based on the perception of the witness;
(b) Helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and
(c) Not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Commonwealth's argument and the trial court's ruling miss the most fundamental requirement of KRE 701: "A witness must have personal knowledge in order to qualify for lay opinion testimony under KRE 701[.]" Robert G. Lawson, *Kentucky Evidence Law Handbook* § 6.05[2][c], 417 (5th ed. 2013). KRE 701(a) requires the opinion to be based upon the witness's own perception rather than an opinion synthesized from information perceived by others and later conveyed to the witness. Under KRE 701 "lay opinion [is limited] to situations involving the 'the perception of the witness.'" *Id.* at § 6.05[2][a], 415. None of the officers witnessed the robberies or saw the perpetrators. Their opinions are based upon the perceptions of those who witnessed the crimes and then related their observations to the investigating officers.[2]

We further conclude that the opinions do not meet the rule's "helpfulness" threshold. Lay witness opinion testimony under KRE 701(b) must be "helpful" to the jury and not a waste of time. *Id.* at § 6.05[4][b], 420;

---

[2] We disagree with the dissent's characterization of this ruling. Our interpretation of KRE 701 in no way suggests that witnesses cannot testify to opinions based upon what they perceive in a video recording or photograph.

*see also McKinney v. Commonwealth*, 60 S.W.3d 499, 503-04 (Ky. 2001). As Wigmore notes with respect to opinion testimony "whenever inferences and conclusions can be drawn by the jury as well as by the witness, the witness is superfluous." 7 John Henry Wigmore, *Evidence in Trials at Common Law* § 1917 (4th ed. 1978). After hearing the testimony of the eye witnesses to each robbery, the jurors were as capable as the officers of comparing the similarities and connecting the dots to form their own opinions. The opinions of the officers contributed nothing helpful to "a clear understanding of [their] testimony or the determination of a fact in issue."[3]

In the broad sense, however, the opinion evidence expressed here by the officers is not the kind of opinion testimony addressed by KRE 701. KRE 701 serves a rather mundane and undramatic purpose which we might be more likely to notice if the rule did not exist. Much of our spoken communication in the English language is expressed in the form of opinions instinctively and automatically drawn almost subconsciously from perceptions and observations in the course of everyday life. It is often difficult for an individual to articulate the specific perceptions that generate the opinion.

---

[3] In this vein, we note that the Commonwealth emphasizes the officers' training and experience in criminal investigation as giving weight to their opinions, but the Commonwealth does not offer KRE 702 as an alternative theory for introducing the opinions. KRE 702 does not apply here because the particular opinions expressed by the officers require no expertise. KRE 702 "permit[s] opinion evidence from experts providing 'scientific, technical, or other specialized knowledge' if it will 'assist the trier of fact' in understanding the evidence or determining a fact in issue." *Gray v. Commonwealth*, 480 S.W.3d 253, 269 (Ky. 2016). Ordinary lay jurors would require no expert assistance to connect the evidentiary dots between the separate robberies, and gauge for themselves the significance of the similarities and differences of the individual robberies to reach their own conclusions.

For example, a person may say, "When I called your house, a small child answered the phone;" or "Friday was a very hot day." To be precise, those are opinions of non-experts. The speaker's opinion is that a small child answered the phone because the voice resonated softly, the tone was timid, and the vocabulary was limited. The speaker knows Friday was hot because she felt the sweat on her brow, she was exhausted from exerting herself, and she saw the sun melting the tar up on the roof. In everyday speech, we do not encumber our conversations with the minute perceptions that lead to such opinions; instead, we simply correlate the perceptions into the opinion and state it as a fact—Friday was hot; a small child answered the phone. In each instance, the relevant information is difficult or cumbersome to express without resorting to an opinion.

Professor Lawson describes lay opinion testimony admissible under KRE 701 as "little more than a shorthand rendition of facts that the witness personally perceived." *Kentucky Evidence Law Handbook* § 6.05[2][a], 416 (quoting 4 McLaughlin, *Weinstein's Federal Evidence* § 701.03[1] (2d ed. 2013)).

KRE 701 is a modern corollary of the common law "collective facts rule," which "permits a lay witness to resort to a conclusion or an opinion to describe an observed phenomenon where there exists no other feasible alternative by which to communicate that observation to the trier of fact." *Clifford v. Commonwealth*, 7 S.W.3d 371, 374 (Ky. 1999). The Ninth Circuit Court of Appeals provided a good description of the rule's purpose in *United States v. Skeet*:

> If it is impossible or difficult to reproduce the data observed by the witnesses, or the facts are difficult of explanation, or complex, or are of a combination of circumstances and appearances which cannot be adequately described and presented with the force and clearness as they appeared to the witness, the witness may state his impressions and opinions based upon what he observed. It is a means of conveying to the jury what the witness has seen or heard. . . . Because it is sometimes difficult to describe the mental or physical condition of a person, his character or reputation, the emotions manifest by his acts; speed of a moving object or other things that arise in a day to day observation of lay witnesses; things that are of common occurrence and observation, such as size, heights, odors, flavors, color, heat, and so on; witnesses may relate their opinions or conclusions of what they observed.

665 F.2d 983, 985 (9th Cir. 1982).

Lawson cites classic examples of KRE 701 lay opinion testimony: "a lay witness may be allowed to testify to the speed of a vehicle in motion on the basic observation of the vehicle" and "a lay witness may be allowed to testify to the insanity of an accused on the basis of personal observation." *Kentucky Evidence Law Handbook* § 6.05[2][a], 415. Without KRE 701, trial testimony could become mired in debate about the countless minute perceptions by which ordinary people form the routine opinions that guide their lives. Because of KRE 701, those aspects of trial testimony can proceed like everyday conversation.

Nevertheless, this error in the application of KRE 701 was harmless. The jury was obviously not swayed by the officers' opinions that the crimes were connected. Of the fourteen separate robbery events with a total of thirty-one alleged victims resulting in thirty-one separate charges, Appellant was convicted of only seven events totaling fourteen victims; he was acquitted of seven events involving seventeen victims. The jury clearly distinguished the

8

guilt of Appellant from the guilt of his co-defendant. On five of the separate events involving ten victims, the jury convicted Appellant but acquitted his co-defendant, and on four of the separate events involving nine victims, the jury acquitted Appellant but convicted his co-defendant. On four events involving eight victims, the jury acquitted both Appellant and his co-defendant. The jury convicted both Appellant and his co-defendant on only two of the fourteen events involving a total of five victims.

Consequently, we are satisfied that the error was harmless. *Winstead v. Commonwealth*, 283 S.W.3d 678, 688-89 (Ky. 2009) ("A non-constitutional evidentiary error may be deemed harmless . . . if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error.").

### III. THE TRIAL COURT'S COMMENT ON THE JOINDER WAS NOT PALPABLE ERROR

Finally, Appellant contends that the trial judge erred during voir dire when, in response to a juror's question, he explained that Appellant and Boyd were being tried together "because the Commonwealth has the right to have them indicted together and I have ruled as a matter of law that it's proper to try them together." Appellant did not object and so he asks that we review the comment for palpable error under RCr 10.26.

Appellant specifically argues that the judge's comment violated RCr 8.31, which states in part that "[n]o reference to the motion [to sever] shall be made during the trial." While the comment may imply that a motion to sever had

9

been made, the reference is fairly obscure. He argues that the trial court's comment would be interpreted as the judge's learned opinion that Appellant and Boyd acted together and therefore would be tried together. We do not agree that the comment carried that meaning.

Palpable error relief is available under RCr 10.26 only upon a determination that manifest injustice has resulted from the error. "Manifest injustice" is "error [that] so seriously affect[s] the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'" *Miller v. Commonwealth*, 283 S.W.3d 690, 695 (Ky. 2009) (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006)). We are satisfied that the comment did not result in manifest injustice.

## IV.  CONCLUSION

For the foregoing reasons, we hereby affirm the judgment of the Jefferson Circuit Court.

All sitting. Minton, C.J.; Hughes, Keller, VanMeter, and Wright, JJ., concur. Cunningham, J., concurs in result only by separate opinion.

CUNNINGHAM, J., CONCURRING IN RESULT: We should not say more in our opinions than is necessary.

I concur fully with the majority conclusion that the opinions of the witnesses do not meet the "helpfulness" threshold of KRE 701(b). I also agree such error was harmless. That is all we need to say.

10

Instead we venture off into an elaborate discussion of a much more complex issue of KRE 701(a) and the troublesome language of what is meant by "perception of the witness." The majority expounds a very strict rule that will crib future witnesses into a very narrow cell of testimonial worth. That is not the intent of the rule. Lay witnesses could look at the video of a robbery taking place, which may have occurred months before. They are not witnesses to the event taking place in real time. But "the perception of the witness" of the video surely gives them a basis to give an opinion as to the identity of the subject in the video. The authority cited by the majority is inclusive, but not exclusive. It gives examples of one type of testimony which is appropriate under this rule. But, it does not exclude other types of evidence which may not arise of the actual performance of the crime itself. The "facts which the witness personally perceived" as mentioned by Lawson, can be the personal observation of a video recording or a document.

I might agree with the opinions here, that the crimes were connected, but that such opinions do not comport with the intent of KRE 701(a). However, the majority says much too much as to why it does not, when it really doesn't have to say anything at all. The failure to meet the "helpfulness" threshold is enough for this case. Therefore, I must respectfully concur in result only.

COUNSEL FOR APPELLANT:

Daniel T. Goyette
Cicely Jaracz Lambert
Joshua Michael Reho
Louisville Metro Public Defender of Counsel

11

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Joseph Todd Henning
Lexington-Fayette Urban County Government
Department of Law