# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  DECEMBER 17, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

### 2019-SC-0348-MR

JODY SCOTT                                           APPELLANT

V.                ON APPEAL FROM PIKE CIRCUIT COURT
                 HONORABLE EDDY COLEMAN, JUDGE
                       NO. 18-CR-00289

COMMONWEALTH OF KENTUCKY                      APPELLEE

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Jody Scott appeals as a matter of right[1] from the Pike Circuit Court final judgment sentencing him to twenty years' imprisonment for his convictions of nine counts of first-degree trafficking in a controlled substance.  Scott's sole claim on appeal is that palpable error resulted from the prosecutor's alleged flagrant misconduct during closing argument.  Finding no palpable error, we affirm.

### I.  Factual and Procedural Background

From July 31, 2017 through September 13, 2017, a confidential informant conducted a total of eight recorded undercover drug buys from Scott on behalf of Kentucky State Police ("KSP").  On September 14, 2017, KSP

---

[1] Ky. Const. § 110(2)(b).

detectives executed a search warrant of Scott's home and discovered incriminating evidence. Scott cooperated with police and called his supplier, Lonnie Kerr, to have him bring over cocaine with the understanding that Scott would sell it, as usual. Kerr was then arrested and later pled guilty.

During trial, Scott called Kerr to testify in his case-in-chief. Kerr testified to two facts: (1) he received a call from Scott on September 14, 2017 and (2) he lived about two miles from Scott. At this point, the trial court *sua sponte* called a bench conference and inquired as to who represented Kerr. The trial court then recessed so Kerr could consult with his counsel. Upon retaking the stand, Kerr invoked his Fifth Amendment right against self-incrimination. The court then excused Kerr from the witness stand.

The conduct which Scott takes issue with on appeal occurred during the Commonwealth's guilt phase closing argument, when the prosecutor commented on the quality issues with the video and audio recording of Scott's sales to the confidential informant and how the cameras did not capture everything perfectly. The prosecutor stated that the recordings are corroborating evidence, as no witness was going to come in and testify to being at Scott's house and watching Scott sell drugs directly to the confidential informant. The prosecutor then stated, "You saw it. His own supplier got on the stand and wouldn't say anything. Not me, I know nothing." The prosecutor remarked that the audio and video recording, albeit imperfect, is the best documentation they have.

Scott did not object to the prosecutor's remarks. He now claims those remarks amounted to flagrant prosecutorial misconduct which resulted in palpable error and requires reversal. We disagree.

## II. Standard of Review

RCr[2] 10.26 provides that "[a] palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." "Palpable error relief is available under RCr 10.26 only upon a determination that manifest injustice has resulted from the error. 'Manifest injustice' is 'error [that] so seriously affect[s] the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'" *Davidson v. Commonwealth*, 548 S.W.3d 255, 261 (Ky. 2018) (citations omitted).

## III. Analysis

Prosecutorial misconduct is defined as a prosecutor's "improper or illegal" attempt to persuade the jury to wrongly convict or assess an unjustified punishment. *Noakes v. Commonwealth*, 354 S.W.3d 116, 121 (Ky. 2011). Appellate consideration of alleged prosecutorial misconduct focuses on the overall fairness of the trial. *Id.* (citations omitted).

With respect to allegations of prosecutorial misconduct during closing arguments, we note that counsel is afforded wide latitude during those arguments. *Padgett v. Commonwealth*, 312 S.W.3d 336, 350 (Ky. 2010). "The longstanding rule is that counsel may comment on the evidence and make all legitimate inferences that can be reasonably drawn therefrom." *Id.* (citations omitted). This Court will reverse on grounds of prosecutorial misconduct in a

---

[2] Kentucky Rules of Criminal Procedure.

closing argument "only if the misconduct was 'flagrant' or if we find all of the following to be true: (1) the proof of guilt is not overwhelming, (2) a contemporaneous objection was made, and (3) the trial court failed to cure the misconduct with a sufficient admonition." *Dickerson v. Commonwealth*, 485 S.W.3d 310, 329 (Ky. 2016) (citation omitted).

Scott does not argue that the three-prong test for non-flagrant misconduct was met. Rather, he seeks reversal on grounds that the prosecutor's conduct was "flagrant." In determining whether a prosecutor's improper comments constitute reversible flagrant misconduct, we use a four-part test: "(1) whether the remarks tended to mislead the jury or to prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the evidence against the accused." *Id.* (citation omitted).

As to the first prong, the comment by the prosecutor here did not serve to mislead the jury. Indeed, the prosecutor's statement was accurate: no witness testified to seeing Scott sell drugs to Kerr and Kerr refused to testify. And in context, the prosecutor's comments were more along the lines of an explanation as to what weight to afford certain evidence. Further, Scott points to no prejudice resulting from the prosecutor's comment on evidence of record. Secondly, the comment by the prosecutor was isolated. Third, while the record is unclear as to whether the comment was made deliberately or accidentally, it was at most an offhand, explanatory remark. Lastly, the evidence against Scott was overwhelming: proof was presented that he sold drugs to a confidential informant on numerous occasions, incriminating evidence was seized from his

4

home, and he admittedly cooperated with police to set up Kerr after police searched his home.

As none of the *Dickerson* factors weigh in Scott's favor, and considering the totality of the prosecutor's closing argument, we find that this single, isolated offhand remark does not rise to the level of flagrancy so as to require reversal. Scott has presented no legitimate reason to believe that the jury convicted on anything but the evidence of his guilt. Finally, given that Scott failed to contemporaneously object at trial, we are unable to say that palpable error resulted.

## IV. Conclusion

The judgment of the Pike Circuit Court is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Karen Shuff Maurer
Assistant Public Advocate
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Kenneth Wayne Riggs
Assistant Attorney General

6