RENDERED: APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0617-MR

DAVID W. MOSLEY                                                        APPELLANT

APPEAL FROM BELL CIRCUIT COURT
v.          HONORABLE ROBERT V. COSTANZO, JUDGE
ACTION NOS. 16-CR-00191, 16-CR-00314, 16-CR-00361, 17-CR-00074,
18-CR-00447, AND 18-CR-00570

COMMONWEALTH OF KENTUCKY[1]                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, DIXON, AND ECKERLE, JUDGES.

---

[1] We note the *pro se* appellant's error in naming "Lisa Fugate, Coomonwealth [sic] Atty, Bell County" as the appellee in the fill-in-the-blank form notice of appeal he used, but we are keeping the Commonwealth of Kentucky as the named party per Kentucky Rules of Appellate Procedure 2(A)(2), which directs that "all parties to the proceedings from which the appeal is taken, except those who have been dismissed in an earlier final and appealable order, shall be parties before the appellate court."

ECKERLE, JUDGE: David W. Mosley committed over a dozen crimes, including assault, escape, and trafficking in controlled substances, on at least six separate days during a two-year period. For these crimes, he received six separate indictments with more than a dozen total charges, and, pursuant to negotiated deals, he ultimately pleaded guilty to charges in each indictment, receiving an agreed, total, 23-year prison sentence. He now claims his counsel's assistance was ineffective because he believes his sentence should have been capped at 20 years. Because the 23-year sentence does not deviate from the statutory guidelines, and because Mosley did not prove he would have otherwise rejected the plea offers and proceeded to trial, we affirm the Trial Court's Order denying Mosley's post-conviction motions.

## BACKGROUND

Mosley was first sentenced to consecutive sentences totaling eight years from four of the indictments. Almost six months later, he was sentenced to consecutive sentences totaling 15 years of imprisonment under the remaining two indictments. The sentences from each indictment were run consecutively to each other for a total imprisonment sentence of 23 years. The indictments, their charges, and resulting sentences are detailed below.

## I.    Sentences entered on August 20, 2018

On August 20, 2018, Mosley was sentenced on charges arising from four indictments covering crimes that were committed on four separate days during 2016 and 2017.  In the four separate sentences, Mosley received consecutive sentences totaling eight years of imprisonment.

In 16-CR-00191, Mosley was indicted by the Bell County Grand Jury for a crime occurring on or about February 18, 2016.  Mosley pleaded guilty on September 26, 2017, to one count of possession of a controlled substance, first degree, first offense (KRS[2] 218A.1415).  On August 20, 2018, Mosley was sentenced on this charge to imprisonment for one year, such sentence to run consecutively to sentences imposed in indictment numbers 17-CR-00074, 16-CR-00361, 16-CR-00314, 06-CR-00032, and 99-CR-00090.

In 16-CR-00314, Mosley was indicted by the Bell County Grand Jury for three crimes occurring on or about April 17, 2016.  Mosley pleaded guilty on September 26, 2017, to one count of possession of a controlled substance, first degree, first offense (KRS 218A.1415), one count of possession of marijuana (KRS 218A.1422), and one count of drug paraphernalia – buy/possess (KRS 218A.500).  On August 20, 2018, Mosley was sentenced on these charges to a total, concurrent sentence of imprisonment for one year, said sentence to be served

---

[2] Kentucky Revised Statutes.

-3-

consecutively to sentences imposed in 17-CR-00074, 16-CR-00361, 16-CR-00191, 06-CR-00032, and 99-CR-00090.

In 16-CR-00361, Mosley was indicted by the Bell County Grand Jury for two crimes occurring on or about October 26, 2015. Mosley pleaded guilty on September 26, 2017, to two counts of trafficking in a controlled substance, first degree, second or greater offense (KRS 218A.1412). On August 20, 2018, Mosley was sentenced on these charges to a total, concurrent sentence of imprisonment for five years, said sentence to be served consecutively to sentences imposed in 17-CR-00074, 16-CR-00314, 16-CR-00191, 06-CR-00032, and 99-CR-00090.

In 17-CR-00074, Mosley was indicted by the Bell County Grand Jury for two crimes occurring on or about November 25, 2016. Mosley pleaded guilty on September 26, 2017, to one count of possession of a controlled substance, first degree, first offense (KRS 218A.1415), and one count of drug paraphernalia – buy/possess (KRS 218A.500). On August 20, 2018, Mosley was sentenced on these charges to a combined, concurrent sentence of imprisonment for one year, said sentence to be served consecutively to sentences imposed in 16-CR-00361, 16-CR-00314, 16-CR-00191, 06-CR-00032, and 99-CR-00090.

## II. Sentences entered on February 28, 2019

On February 28, 2019, Mosley was sentenced on charges arising from two indictments covering crimes that were committed on two, separate days during

2018. In the two separate sentences, Mosley received consecutive sentences totaling 15 years of imprisonment, ten of which were due to an escape charge. They are detailed below.

In 18-CR-00447, Mosley was indicted by the Bell County Grand Jury for seven crimes occurring on or about May 22, 2018. Mosley pleaded guilty on February 22, 2019, to the following charges: being a convicted felon in possession of a firearm (KRS 527.040); receiving stolen property (KRS 514.110); trafficking in a controlled substance in the first degree, first offense, greater than 2 grams, methamphetamine (KRS 218A.1412); trafficking in a controlled substance in the second degree, first offense (KRS 218A.1413); trafficking in a controlled substance in the third degree, first offense (KRS 218A.1414); trafficking in marijuana, less than 8 ounces, first offense (KRS 218A.1421); and being a second-degree persistent felony offender ("PFO") (KRS 532.080). He was sentenced on these charges on February 28, 2019, to a total, concurrent sentence of imprisonment for five years, with all sentences to run consecutively to sentences imposed in indictment numbers 18-CR-00570, 17-CR-00074, 16-CR-00361, 16-CR-00314, 16-CR-00191, and 99-CR-00090.

In 18-CR-00570, Mosley was indicted by the Bell County Grand Jury for three crimes occurring on or about August 21, 2018. Mosley pleaded guilty on February 22, 2019, to one count of third-degree assault (KRS 508.025), one count

of escape in the first degree (KRS 520.020), and one count of being a second-degree PFO (KRS 532.080). On February 28, 2019, Mosley was sentenced on these charges to a total, concurrent sentence of imprisonment for ten years, said sentence to be served consecutively to sentences imposed in 18-CR-00447, 17-CR-00074, 16-CR-00361, 16-CR-00314, 16-CR-00191, 06-CR-00032, and 99-CR-00090.

### III.   Post-conviction motion

Mosley subsequently filed a motion and memorandum pursuant to RCr[3] 11.42 in each of the six aforementioned indictments, claiming his counsel rendered ineffective assistance when recommending Mosley enter guilty pleas in all six indictments. Mosley claimed the statutory cap on his sentences should have been 20 years total. Thus, he asserted his counsel's performance was deficient in recommending Mosley accept plea deals resulting in a 23-year sentence of imprisonment.

On April 20, 2022, the Trial Court entered a consolidated order in all six indictments denying Mosley's request for relief pursuant to RCr 11.42. The Trial Court's order found and held that "regardless of any potential deficiency on counsel's part, [Mosley] has not demonstrated prejudice sufficient to void the plea or require an evidentiary hearing." The Trial Court reviewed the guilty plea

---

[3] Kentucky Rules of Criminal Procedure.

-6-

colloquy, the guilty plea documents, and the sentencing and found that nothing "g[ave] rise to doubt regarding the voluntariness of the plea." Mosley, *pro se*, appealed this decision.

## ANALYSIS

Specifically, Mosley claims that because his crimes were Class C and D felonies, his total sentence should not have exceeded 20 years pursuant to KRS 532.080(6)(b) and KRS 532.110(1). His prayer for relief on appeal is that we "correct the aggregated sentence to twenty (20) years[.]"

The Commonwealth responds with alternative arguments to affirm the Trial Court's order. First, the Commonwealth asserts that no ineffective assistance of counsel occurred because a 23-year sentence is permissible where the sentences arise from different indictments. Second, the Commonwealth argues that the aggregate sentence is permissible because some of the crimes, *i.e.*, the actions occurring while Mosley was awaiting trial and the escape charge, are statutorily required to run consecutively, and thus no ineffective assistance of counsel occurred.

## I. Standard of Review

As Mosley's claim is an allegation of ineffective assistance of counsel in the context of a guilty plea, we evaluate under the standards iterated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),

and *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). *Commonwealth v. Thompson*, 548 S.W.3d 881, 887 (Ky. 2018). Invalidating a guilty plea based on allegedly deficient performance of defense counsel requires a movant to prove both prongs of a two-part test: "(1) defense counsel's performance fell outside the wide range of professionally competent assistance; and that (2) a reasonable probability exists that, but for the deficient performance of counsel, the movant would not have pled guilty, but would have insisted on going to trial." *Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016). Courts evaluating these two prongs must "indulge the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id*. (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). Additionally, the Trial Court must consider the totality of the circumstances surrounding the guilty plea, evaluating whether errors by trial counsel significantly influenced the defendant's decision to plead guilty such that the Trial Court should have a reason to doubt the voluntariness and validity of the plea. *Rank*, 494 S.W.3d at 481 (citing *Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001)).

II.     **Mosley's counsel was not ineffective in recommending sentences that did not exceed the statutory limits**.

Having thoroughly reviewed the record, we hold that Mosley suffered neither from deficient performance nor from prejudice because the sentences imposed did not exceed that permitted by statute. Pursuant to KRS 532.110, a

-8-

Trial Court may generally run multiple sentences for multiple crimes either concurrently or consecutively, subject to certain exceptions. One of those exceptions is that an aggregate of consecutive indeterminate terms cannot exceed a certain cap, being the longest extended term authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed. In Mosley's case, if all of the indictments were read together, and given the second-degree PFO and multiple Class D and C felony convictions, KRS 532.080(5) would cap his imprisonment sentence at no more than 20 years.

That is not the end of our analysis, though, because Mosley's sentences resulted from multiple indictments arising from disparate, criminal acts occurring on distinct dates. KRS 532.110's statutory cap from "multiple sentences" has been held to "not extend to sentences resulting from previous cases." *Johnson v. Commonwealth*, 553 S.W.3d 213, 220 (Ky. 2018). Where a sentence "resulted from a previous indictment and trial[,]" KRS 532.110's maximum sentence provision does not operate as bar against running a subsequent sentence consecutively. *Johnson*, 553 S.W.3d at 220.

Here, Mosley was facing almost 20 charges stemming from criminal acts occurring on at least six different days over a period of two years. Those charges ranged from misdemeanors to Class C felonies and included an assault, an escape, and multiple narcotics trafficking and possession offenses. Mosley

accepted separate plea deals and entered guilty pleas in each of the indictments. He received separate sentencings in each case, and Mosley even brought this post-conviction claim in each of the six separate indictments. It would appear on the face of the record that the sentences resulted from previous indictments and guilty pleas, thus making KRS 532.110's maximum sentence provision inapplicable.

Our conclusion is further supported by a recent opinion of this Court considering the prohibition of KRS 532.110 against running a term of years sentence consecutively to a life sentence. *Meadows v. Commonwealth*, 648 S.W.3d 701 (Ky. App. 2022). There, a panel of this Court held that a "judgment ordering a term of years to run consecutively with a life sentence is not invalid if rendered in a prior, separate case." *Meadows*, 648 S.W.3d at 706 (citing *Clay v. Commonwealth*, No. 2009-SC-00012-MR, 2010 WL 2471862 (Ky. Jun. 17, 2010)). The *Meadows* Court noted that proper, consecutive sentences do not depend on the order in which the sentences are rendered, "but rather on whether the sentences are based on convictions arising from the same set of facts or separate facts." *Id*. In other words, provided "the indictments arose from separate offenses and distinct crimes[,]" KRS 532.110's maximum sentence provision would not operate as a bar to aggregate sentences in the separate indictments. *Meadows*, 648 S.W.3d at 706.

Mosley's six indictments and resulting sentences fit within the *Meadows* framework. Given the length of time between his offenses and the disparate nature of many of the crimes, Mosley's indictments arose from separate offenses and distinct crimes. That Mosley committed separate offenses and distinct crimes is further evidenced by the fact that it would have been improper for Mosley to receive one trial for all of the charges. Pursuant to RCr 9.12, "The court may order two (2) or more indictments or informations or both to be tried together if the offenses . . . could have been joined in a single indictment or information." Joinder requires some nexus of temporal and qualitative characteristics of the crimes themselves. *See, e.g.*, *Cargill v. Commonwealth*, 528 S.W.2d 735 (Ky. 1975) ("Under the rules the three robbery charges could have been included in the same trial since they were similar in character and were closely related in time. There is no connection between the drug charge and the robbery charges so as to warrant a joinder of offenses."). *See also* RCr 6.18 (noting two or more offenses may be charged on the same indictment if the offenses are "of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan").

In Mosley's case, while he had some drug crimes that were of similar character, they occurred over a two-year time span and included multiple unrelated

offenses, including an escape and assault. Accordingly, as separate trials were needed on the various indictments, any resulting sentences could run consecutively for more than 20 total years. Thus, counsel's performance was not deficient in negotiating plea deals that in aggregate exceeded 20 years.

Moreover, we further hold that counsel's performance was not deficient because two other sentencing provisions mandated that 15 years of the 23-year aggregate sentence be served consecutively. First, the five-year sentence Mosley received in 18-CR-00447 was required to run consecutively to the aggregate eight-year sentences he received in the 2016- and 2017-issued indictments. The 18-CR-00447 indictment arose from acts that occurred on May 22, 2018, which would have been *after* Mosley was indicted in the 2016 and 2017 indictments *after* Mosley entered guilty pleas in those indictments and *before* he was sentenced on those indictments on August 20, 2018. KRS 533.060(3) requires sentences for crimes committed while "awaiting trial" be imposed consecutively. That phrase "awaiting trial" has been interpreted to include the period of time between a guilty plea and final sentencing. *Cosby v. Commonwealth*, 147 S.W.3d 56 (Ky. 2004). Here, Mosley entered his guilty pleas on the 2016 and 2017 indictments on September 26, 2017. He committed the crimes in 18-CR-00447 on or about May 22, 2018. He was formally sentenced in the 2016 and 2017 indictments on August 20, 2018. Thus, Mosley committed the crimes in 18-CR-

-12-

00446 while "awaiting trial," and his five-year sentence in 18-CR-00447 must run consecutively to his sentences in the 2016 and 2017 indictments.

Additionally, the sentence for escape had to run consecutively to the other sentences that Mosley was serving. KRS 532.110(3) ("The sentence imposed upon any person convicted of an escape or attempted escape offense shall run consecutively with any other sentence which the defendant must serve."). This requirement of consecutive sentencing applies "even if it results in an aggregate sentence of *more* than twenty years." *King v. Commonwealth*, 374 S.W.3d 281, 297 (Ky. 2012) (emphasis in original) (referencing the 20-year cap for first-degree PFO in KRS 532.080(6)(b)).[4]

Thus, even if, *arguendo*, an aggregate, 20-year cap applied to all six indictments, no deficient performance existed because the sentence for the escape could not cause Mosley to exceed the statutory cap. Removing the ten-year sentence for the escape, Mosley received a total imprisonment sentence of 13 years (8 years for the 2016 and 2017 indictments, and 5 years for the remaining 2018 indictment), some seven years less than the 20-year cap. As Mosley's sentences did not in aggregate violate the statutory maximum, Mosley's counsel's advice to accept the plea deals did not constitute deficient performance.

---

[4] The relevant aggregate sentence caps for a second-degree PFO are 20 years for a Class C felony, and 10 years for a Class D felony. *Compare* KRS 532.060(2) *and* KRS 532.080(5).

### III. Mosley has not proven prejudice.

Though we hold that counsel's performance was not deficient, we also agree with the Trial Court that any alleged deficiency did not result in reversible prejudice. "In the guilty plea context, to establish prejudice the challenger must 'demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Commonwealth v. Pridham*, 394 S.W.3d 867, 876 (Ky. 2012) (some internal quotation marks omitted) (quoting *Premo v. Moore*, 562 U.S. 115, 129, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011), and *Hill*, 474 U.S. at 59, 106 S. Ct. at 370).

Here, Mosley does not even cite *Strickland* prejudice on his ineffective assistance of counsel claim. Indeed, he does not assert that he would not have pleaded guilty but would have insisted on going to trial. He instead asks us to "order" the Trial Court to "correct" the aggregate sentence to 20 years instead of 23. Mosley's request, then, is that we find the sentence was unlawful and void, a claim that should be raised separately in a CR[5] 60.02 motion, *see, e.g.*, *Phon v. Commonwealth*, 545 S.W.3d 284, 304 (Ky. 2018) ("It is because these sentences are void and unlawful that CR 60.02 provides the proper remedy for relief."), and *Duncan v. Commonwealth*, 640 S.W.3d 84 (Ky. App. 2021) (CR 60.02(e)), or on

---

[5] Kentucky Rules of Civil Procedure.

-14-

direct appeal, *see, e.g.*, *McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010).

Moreover, as has been shown, Mosley's sentence was not unlawful and void, and thus Mosley was not prejudiced by his trial counsel's recommendation to enter a guilty plea. Accordingly, Mosley's RCr 11.42 ineffective assistance of counsel claim fails *in toto*.

## CONCLUSION

Mosley's counsel's performance was not deficient, and Mosley has not demonstrated any alleged deficiency resulted in prejudice such that he would not have pleaded guilty but would have insisted on going to trial. Having failed both prongs of an ineffective assistance of counsel claim, we AFFIRM the Trial Court's order denying the RCr 11.42 motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

David W. Mosley, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky